## Caroline L. Alvord v. John Lent.

*Construction of exemption law.* The law exempting property from execution, being remedial and resting upon a wise policy, should, as far as practicable, be construed beneficially for the debtor.

It is not necessary, however, to the validity of proceedings in one county to subject to execution running therein, any property of the debtor there found, which belongs to a class or species exempt by law to a specified amount or value, that the whole property of the debtor, of the same class, situated in any other county or counties in the state, shall be inventoried and appraised, and the portion to be left to the debtor out of the mass selected by the latter or by the officer.

A construction of the statute which should require this to be done, would produce great inconvenience, would tend to embarrass the course of justice and would serve to defeat necessary legal remedies.

*Submitted on briefs July 13.    Decided October 3.*

Error to Saginaw Circuit.

The opinion contains a sufficient statement of the case.

*D. P. Foote,* for plaintiff in error.

*W. H. Sweet* and *Clark & Day,* for defendant in error.

GRAVES, J.

This was replevin by the plaintiff in error of a span of horses, a set of harness, some trace chains and a saddle,

23 MICH.—47.

from a seizure thereof in Saginaw county, by the defendant, a deputy sheriff of that county, under an execution from a justice of the peace against the goods and chattels of William A. Alvord, the plaintiff's husband, the latter being in possession when the levy was made. The defendant justified the seizure under the execution, and the jury returned a verdict in his favor, upon which judgment was entered. It appears by the bill of exceptions, that the plaintiff in the first instance based her right to maintain the suit upon her title to the property, which she claimed to have obtained through a transfer by her husband a short time before the levy. But it also appears that in a subsequent stage of the trial, she insisted that if the alleged transfer was invalid and her husband continued to be the owner, she was still entitled to maintain the suit by virtue of the statute exempting certain property from execution; and the only question in the record belongs to this theory of the plaintiff's case.

The evidence conduced to show that when the levy and seizure occurred, the plaintiff's husband, who was defendant in the execution, insisted that the property belonged to his wife, the present plaintiff; and it likewise tended to prove that the plaintiff and her husband resided in Gratiot county, upon a farm owned and carried on by him; that his principal business was farming and lumbering, which was conducted in that county, and that he had other property there of the same class as that levied on. It also appeared that the defendant levied on no other property except that replevied, and that no inventory, appraisal or selection was made.

It was not claimed by the plaintiff that the omission to inventory and appraise by itself the property seized in Saginaw county was any cause of complaint under the circumstances, but she maintained that the evidence, if believed,

entitled her to a verdict on the distinct ground that by force of the exemption law (§§ *4466, 4467, Comp. L.*) the proceedings on execution were invalid for want of an inventory and appraisal of the whole property of the same class in both counties, and a selection from the mass by her husband or defendant of the part to remain as exempt. The court ruled that this view of the operation of the statute was not tenable.

The record, therefore, presents the question whether proceedings in one county to subject to execution running therein, any property of the debtor there found, which belongs to a class or species exempt by law to a specified amount or value, will be invalid at the election of the debtor or his wife unless the whole property of the debtor of the same class situated in any other county or counties in the state is inventoried and appraised and the portion to be left to the debtor out of the mass selected by the latter or by the officer.

In proceeding to consider this point, it is material to observe that the right of exemption is nowise involved, and that the question reaches no farther than to ascertain whether, when the debtor has more property within the description than the law exempts, and chooses to hold it in different counties, his right to designate the part to be retained will be the same as though the whole was in one county. The law exempting property from execution, being remedial and resting upon a wise policy should, as far as practicable, be construed beneficially for the debtor.

The language employed, so far as it bears upon this question, is very broad and undoubtedly favors the plaintiff's view, and it must be admitted also that the construction opposed to this view may, in some cases, operate against the debtor's interest and possibly to the prejudice of his

family.    But these circumstances are not conclusive.    It is essential to regard likewise the *untoward effects* to be apprehended from the plaintiff's construction.    If that construction would produce great inconvenience, if it would lead to absurd or mischievous results, if it would tend to embarrass the course of justice and serve to defeat necessary legal remedies, it ought not to be adopted unless required by some positive rule of law, and we are not aware of any such rule.

An examination of the subject has convinced us that the plaintiff's construction is open to all the objections here indicated.    An inventory and appraisal in each township containing property of the debtor belonging to the given class, would involve an expense in many cases greatly beyond the debt, and the cost and trouble which would attend such a proceeding would often defeat the collection of small executions.    In instances likely to occur, the hindrances of communication at some seasons and between different parts of the state, would cause the life of the execution to be insufficient for the mere inventory and appraisal, and a door would be opened for fraudulent dispersions and shifts of property which no vigilance could make abortive.    The officers the law appoints to collect executions would be made to incur unreasonable risks and responsibilities. They would have to take notice of the ownership by the debtor of other property of the class wherever situated in the state, without, in fact, possessing the means of knowing any thing about it; and the controversies which woud spring from execution proceedings would be endless.    Many other difficulties suggest themselves.    The inventory and appraisal by the terms of the statute could only be made in the township in which the officer should find the property, and after selection the portion remaining for the exe-

cution might turn out to be that situated in one or more foreign counties. In that case, upon the plaintiff's theory, the officer would be required to execute his writ beyond the bounds of his own county and possibly two hundred miles away. We have no laws adapted to such things. On the contrary, our whole system contemplates that sales of personal property on execution are to be made in the proper county of the officer to whom the writ is directed.

The law exempting property and providing for an inventory and appraisal applies no less to constables than to sheriffs, and we are aware of no provision prescribing the territorial jurisdiction of these officers which gives them authority under executions, beyond their counties. The law, speaking through the writ, requires them to search for property within; but not beyond, the county, and no power seems to be given them to perambulate the state to make levies or to perform other civil duties as incident to the collection of executions running within the county.

The position of the plaintiff requires us to hold, however, in effect, that the exemption law by implication enlarges the operation of executions, and the sphere of action of these officers, and wherever the principle in question attaches, makes an execution from a justice efficient in every county in the state; that in all cases, falling within the terms of the given provision as to exemptions, the territorial limits of the authority and duty of sheriffs and constables are incidentally made co-extensive with the boundaries of the state. We cannot accede to this view. If a regulation so far-reaching and unusual had been designed, we think the legislature not only would have chosen a more natural way to effect it, but would have made other provisions quite needful, if not indispensable, to give it due operation.— *Pierce v. Turner, 5 Cranch, 154.*

Under all the circumstances, we think the point made

by the plaintiff untenable, and that the judgment should be affirmed with costs.

CAMPBELL, CH. J., and COOLEY, J., concurred.

CHRISTIANCY, J., did not sit in this case.