## John R. Stewart v. John F. Welton and another.

*Statute of exemptions: Blacksmith: Manufacturing wagons, etc., for sale.*
Where one whose principal business is blacksmithing has manufactured during his leisure hours wagons and whiffletrees, etc., for sale, designing from the proceeds to replenish his stock to enable him to continue his business, and it has been his custom and part of his business to manufac-

STEWART v. WELTON.

ture and sell such work, all such manufactured articles, not exceeding in value the limit fixed by the statute, are exempt, not only while in the course of construction, but after their completion and while being offered for sale.

*Statute of exemptions: Articles used to carry on business.* It would be too narrow a construction of the statute to confine its operation to such articles only as are absolutely necessary to be used in carrying on the business in which one is principally engaged.

*Blacksmithing: Ironing wood-work of wagons: Statute of exemptions.* Purchasing the wood-work of a wagon in order to iron it off and complete it for the purpose of selling it and thus enabling a blacksmith to profitably employ the time not required for his custom work is not so far foreign to the business of blacksmithing as to exclude such manufactures from the protection of the statute.

*Statutes of exemptions: Construction.* Statutes of exemptions are remedial in their nature, and are to be construed not strictly, but liberally, for the purpose of carrying out the wise and humane objects in view.

*Heard April 23. Decided April 27.*

Case made from Ionia Circuit.

*Mitchel & Pratt,* for plaintiff.

*Wilson & Strickland,* for defendants.

MARSTON, J:

The plaintiff commenced an action of trespass in justice's court against the defendants, for the unlawful taking and converting a certain lumber wagon, seat, whiffletrees and neck yoke, and recovered judgment. The defendants appealed to the circuit court, where the case was again tried and judgment rendered for the plaintiff. The questions raised are now brought here upon a case made after judgment upon a special finding of the facts by the court below.

The circuit judge found that the plaintiff was a blacksmith and had worked as such for fourteen years; that in the spring of 1873 he was a member of a firm engaged in such business, and that the property in controversy was manufactured by said firm, and for sale as stock in the line of their business of blacksmithing, in which the firm was wholly engaged, the firm intending from the proceeds of the sale of said property to replenish their stock and continue their busi-

32 MICH.—8.

ness, the proceeds being necessary for that purpose; that it was usual, and was a part of the business of blacksmiths in that section, to buy the wood-work of wagons, and frequently pay for the same by changing works, and to do the iron-work of the wagons at odd spells and at dull seasons of the year, and sell the same when finished, applying the proceeds as above stated; that the firm was dissolved May 1, 1873, and in the settlement of its affairs and division of its assets this property fell to the plaintiff as his share; that after the dissolution the plaintiff continued the business of blacksmithing and was wholly engaged in that business, and that he held this property for sale, the proceeds to be used in carrying on his business, being necessary for that purpose; and that all the property owned by him, including the property in question, did not exceed in value one hundred and sixty dollars.

The defendants claimed to have purchased the property at an execution sale, the suit in which judgment was recovered and execution issued having been commenced by attachment, and the property seized thereon in August, 1873.

The only question necessary to be decided is, whether, under the facts as found, the property in question was exempt from levy and sale upon execution.

The defendants insist, that in order for the plaintiff to hold the property as exempt it was incumbent upon him to show that he was principally engaged in some kind of trade or occupation which called for the use of a wagon; that keeping the property for sale, the proceeds thereof to be used as stated, would not enable him to carry on his trade at the time of the seizure and sale.

It is very evident, that to sustain this position and hold that the property in question, under the facts as found in this case, was subject to seizure and sale upon execution, would be to discourage debtors engaged in a profession, trade or occupation from making proper use of their leisure time, and thus prevent them from effectually and profitably carrying on their principal business. A jeweler who is principally engaged in cleaning and repairing watches and jewelry, surely

may employ his leisure time in finishing and completing watches purchased by him in a rough and unfinished condition, and then offer them for sale. If, however, under such circumstances they would be subject to seizure by his creditors whenever finished, then he had better have remained idle, so far as himself and family would be concerned, than to have invested what little means he otherwise might have appropriated to their support, thereby losing what he invested and his labor besides. The mechanic, who, in order to support himself and family, must have no idle moments, in case he cannot obtain custom work sufficient to keep him busily engaged all the time, must he remain idle, although by so doing those dependent on his exertions are suffering for the bare necessaries of life? or can he, when not otherwise engaged, make, either in whole or in part, some article properly pertaining to his principal business, then sell the same and from the proceeds of such sale replenish his stock and continue his business? We have no doubt but that he has this right, and that all such property, not exceeding in value the limit fixed by the statute, would be exempt, not only before, but after its completion, and while being offered for sale. It is not necessary that the property should in all cases actually be *used*, in the strict sense, by the debtor in his principal business in order to be exempt. User undoubtedly would be a proper test in some cases, as in *O'Donnell v. Segar, 25 Mich., 367;* but there are cases where a direct use of the property in the principal business could not be held necessary without defeating the entire object and purpose of the statute, and we think this is one of that class of cases. As was said in *Kenyon v. Baker, 16 Mich., 376,* it would be a somewhat too narrow construction of this statute to confine it to articles absolutely necessary to carry on the business. Of course, if the property was purchased and kept for sale for the mere purpose of speculation it would not be exempt.

It was also urged that the debtor could not purchase the wood-work of the wagon in order to iron and complete it

for the purpose specified, as he was not engaged in wagon-making, or as a dealer in wagons. We think that any thing which can fairly be said to pertain to, and form a part of, the business in which the debtor is wholly or principally en-. gaged, comes within the purview of the statute and is exempt. Such statutes are remedial, and have not been strictly, but liberally, construed for the purpose of carrying out the wise and humane objects in view.

There being no error in the record, the judgment must be affirmed, with costs.

. The other Justices concurred.