SAMUEL ROSENTHAL v. DOUGLASS SCOTT.

*Execution—Exemption of goods.*

The statutes exempting a certain amount of a debtor's goods from levy are beneficial and intended to prevent his being stripped of all his possessions and cut off from chances of recovery: and they must be fairly and sensibly construed.

Creditors cannot complain of any use that a debtor may make of his exempted property if it is not a plain evasion or fraud on the law.

An execution debtor does not lose the benefit of the exemption of a quantity of goods to enable him to carry on his business, by selling them or keeping them until they can be used to the best advantage; and they cannot be levied on unless he goes into some new business in which they would be of no material use to him.

An execution debtor's exempted property may be excepted from a general assignment, and the exemption is not lost by offering it for sale or changing the place or conditions of occupation.

Error to Alpena.   Submitted Oct. 8.   Decided Oct. 14.

REPLEVIN.   Plaintiff brings error.

*Holmes & Carpenter* for plaintiff in error.   Statutes exempting property from execution do not prevent a sale in good faith by the debtor, of chattels which he might hold as exempt, Thompson on Homesteads and Exemptions, § 728; *Cook v. Baine,* 37 Ala., 350; *Bevan v. Hayden,* 13 Iowa, 127; *Godman v. Smith,* 17 Ind., 152; *Denny v. White,* 2 Coldw., 287; *Frost v. Shaw,* 3 Ohio St., 270; *Jewett v. Guger,* 38 Vt., 217; *Morris v. Tennent,* 56 Ga., 577; *Vaughan v. Thompson,* 17 Ill., 80; *Cole v. Green,* 21 Ill., 104; *Green v. Marks,* 25 Ill., 221; *Bliss v. Clark,* 39 Ill., 590; nor do they require him to pursue his business without interruption, *Harris v. Haynes,* 30 Mich., 140; *Casewell v. Keith,* 12 Gray, 351.

*Turnbull & McDonald* for defendant in error.   Goods exempted from execution can be levied upon unless the

debtor is wholly or principally engaged in some business for which they were adapted, and were actually used in, *Morrill v. Seymour*, 3 Mich., 66; *Kenyon v. Baker*, 16 Mich., 376; it is not enough to show that they might be useful, *Van Sickler v. Jacobs*, 14 Johns., 434.

CAMPBELL, C. J. The questions brought up by this record relate entirely to the exemption of property from execution, and the case is one where upon the undisputed facts there is no room for much discussion.

Rosenthal was engaged in dry goods and millinery and analogous business in Alpena, and his stock was levied on by the sheriff in December, 1877. Rosenthal was allowed to select $250 worth of goods, which were set apart by themselves, and were levied on upon a justice's execution a few days thereafter, and his claim for their protection disregarded. He then replevied.

On the trial the jury found against him as having lost his exemption under certain charges which gave them to understand that unless Rosenthal was engaged in business at the time of the justice's levy which required these goods for its prosecution, or had only temporarily suspended it, they were not exempt. The court urged somewhat strongly a view of the facts which seems to have left them very little option as to their verdict.

We do not propose to discuss the doctrines at length because we cannot conceive any ground which justified leaving any such considerations to the jury.

The statutes required by the constitution to secure exemptions are not to be frittered away by construction which would destroy their value. They are beneficial statutes to be construed fairly and sensibly. Their object is to prevent men from being stripped of all their possessions and cut off from chances of recovery. The amount of property exempt being where the debtor can honestly and effectually withhold it from his creditors,

they cannot complain of any use he may make of it which is not a plain evasion or fraud on the law. All exempt property is intended either for use or disposal according to its nature, and it may be sold or used in such way as to serve the necessities of the owner without doing wrong to any one.

When the statute exempts a certain amount of the property to enable a person to carry on the business in which he is principally engaged,—if that business is the selling of goods, it is very clear that the selection of a part of that stock is the simplest application of the law. If he is expected out of the small amount exempted to carry on the same business in the same place or in the same way as with a large stock, the law would be absurd—as it would also be if it required him to keep the property intact or to go into business at once, or do any other thing which a man in his position cannot be reasonably expected to do. It is designed to give him absolutely and unqualifiedly such a remnant or portion of the property used in his business, to enable him to get a new start or to keep on in his old occupation if it is such as to be available. But to hold that he cannot sell it, or keep it until a way opens for its profitable use, would be to destroy it altogether. And to hold that a previous or subsequent purpose of making sale of it will forfeit it, would be equally oppressive. We have held that such property may be excepted from a general assignment. *Hollister v. Loud*, 2 Mich., 309; *Smith v. Mitchell*, 12 Mich., 180; *Brooks v. Nichols*, 17 Mich., 39. We have also held that the statute cannot be confined within unreasonable rules and must be construed beneficially. *Alvord v. Lent*, 23 Mich., 369; *Stewart v. Welton*, 32 Mich., 56. And that the privilege is not lost by offering for sale the exempt property, or making a change in place or conditions of occupation. *O'Donnell v. Segar*, 25 Mich., 367.

In the present case the property exempt being goods designed for sale, there could be no possible ground for

seizing them unless the owner had already gone into some new business in which they would be of no material use to him. There was no pretense of this, and no evidence whatever indicating any such purpose. As already suggested, their sale would have been entirely proper, and in no way repugnant to the purposes of the exemption.

We think the court should have instructed the jury on the undisputed facts to find for Rosenthal, and that the charges and refusals to charge inconsistent with his rights, were all erroneous.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.