## O'CONNELL, GUARDIAN, v. O'CONNELL.

1. **Estates of Decedents:** DISTRIBUTION: ADVANCEMENT. Plaintiff's ward and defendant were brothers, and the only heirs of their father. It was shown by defendant's testimony that the father, in his life-time, divided his property between his two sons equally; executing to defendant a deed for his share of the real estate, and delivering to him his share of the personal property; that no deed was made to plaintiff's ward, but that the father remained with him for a time on the home place, which was allowed to him in the division. After the father's death, defendant was appointed his administrator, and, as such, sold the personal property left on the place. *Held* that this evidence showed an advancement to defendant of his full share of the estate, and that plaintiff's ward was entitled to the proceeds of the property so sold.

*Appeal from Dubuque Circuit Court.*

WEDNESDAY, MARCH 7.

ACTION to recover the distributive share of an estate received by defendant as administrator, to which plaintiff's ward is entitled as an heir. There was a judgment for plaintiff. Defendant appeals.

*Utt Bros.* and *H. T. McNulty*, for appellant.

*McCeney & O'Donnell*, for appellee.

BECK, J.—I. Plaintiff is the guardian of her husband, Daniel O'Connell, an inebriate. The defendant, is a brother of her husband and ward, and the administrator of the estate of his deceased father, who left no heirs other than defendant

and plaintiff's ward. The petition, among other things, shows that defendant has received the property of the estate, as shown in the inventory filed by him in the proceedings of administration; but whether the inventory is of all the property of the estate, plaintiff is not informed. It is alleged and further shown that defendant claims all of the property of the estate, and denies the right of plaintiff thereto, and that defendant is entitled to retain as his own no part of it, for the reason that he had received his portion of the estate by way of an advancement made in the life-time of his father. The petition prays that an account be taken of the property of the estate, and that defendant be required to pay over to plaintiff all money and property of the estate held by him. The defendant, in his answer, denies all allegations of the petition tending to show his liability and to support plaintiff's claim. The case is designated in the abstract as being in equity. No question is raised as to the form or forum of the action. The cause was sent to a referee, who found, and so reported, that defendant had received his portion of the estate by way of an advancement. The referee, in his report, states the account of defendant with the estate, basing it upon defendant's report as administrator; and recommends that a decree be entered against defendant for the balance in his hands, as shown by his report filed in the administration proceedings. The report was approved, against exception made by defendant, except as to an inconsiderable sum, which was deducted from the amount found due the plaintiff by the referee, and a judgment rendered for the balance. No objection is made to the form of the decree and judgment.

II. In our opinion, the decree of the circuit court is well supported by the evidence. It is shown by defendant's own testimony that his father, in his life-time, divided his property between his two sons equally; executing to defendant a deed for his share of the real estate, and delivering to him his part of the personal property. No deed was made to

plaintiff's ward. The father remained for a time with him on the home place, which was allowed to him in the division, but his habits of inebriety were such that both his father and plaintiff left him. After the death of the father, defendant took and sold, as administrator, the personal property on the farm. Plaintiff and her ward are the parents of five children.

III. We think the evidence shows that defendant received by way of an advancement a sum equal to his portion of the estate, and the decree correctly charges him with the value thereof. The balance in his hands does not exceed the amount to which plaintiff's ward is entitled as his distributive share.

IV. Counsel for defendant insists that certain evidence which is incompetent appears in the record. We need not determine the question thus raised, for the reason that, excluding it, the decree of the court is well supported by the other evidence, including defendant's own testimony.

These considerations lead us to the conclusion that the decree of the circuit court ought to be        AFFIRMED.