FRANCIS FISCHER v. ANGUS McINTYRE.

*Execution—Exemption—Suits of clothes owned by tailor—Question of law—Undisputed facts.*

1. Suits of clothing not exceeding $250 in value, made by a tailor in the prosecution of his business, are exempt from execution (*Stewart v. Welton*, 32 Mich. 56), and may be put to such use as the owner pleases, without affording his creditors any legal ground for complaint.

2. Where the facts from which to determine, as a question of law, whether certain property is exempt from execution are undisputed, the question need not be submitted to the jury. *Rosenthal v. Scott*, 41 Mich. 632; *Toledo & A. A. R. R. Co. v. Johnson*, 55 Id. 456.

Error to Saginaw. (Gage, J.) Argued June 23, 1887. Decided July 7, 1887.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Herman Pistorius* and *Trask & Smith*, for appellant.

*William E. Crane*, for plaintiff.

CHAMPLIN, J. Plaintiff is the wife of George H. Fischer, who was a tailor by occupation. Previous to his marriage with plaintiff he was a widower, and had a son about 12 years of age. He carried on no shop, but worked by the piece, carrying the suits home, and there making them up. Before his marriage with plaintiff, at times when the tailoring business was dull, he worked at odd times, when he had no employment at his trade, in making up masquerade garments, and so kept on until he had made about 75 suits, which he rented out during the winter season to masqueraders. The masquerade season usually extended from the last

of December until the first of March. Plaintiff's husband testified that during the masquerade season he had very little to do at his trade, and the most of his time was taken up with renting the suits, from which he derived more money than from the tailoring business. He had been carrying on the business during the first part of the year 1885, and was married to the plaintiff in April of that year. Soon after such marriage he gave to his wife the 75 suits, and told her she might add to them, and that when he died she would have the suits to support herself and her children. Plaintiff did add about 100 suits, and in January and February, 1886, she directed her husband to hire a room to display and rent the suits in, and her husband's son took care of and rented them. When the season was over, the suits were packed away, and there remained until in November, 1886, when they were seized by virtue of an execution in the hands of the defendant, who was sheriff, against the goods of George H. Fischer, plaintiff's husband.

But two questions are presented by the record:

1. Whether the suits were exempt from execution at the time plaintiff's husband gave them to her.

2. Whether the circuit court should have submitted that question to the jury as one of fact for them to determine.

In regard to the first question, this Court has heretofore held that the statute relative to exemptions must be construed beneficially to the poor debtor, and we think the circumstances of this case bring it within the principle and ruling laid down in *Stewart v. Welton*, 32 Mich. 56. That was the case of a blacksmith who, during dull times in his occupation, purchased the wood-work of a wagon and ironed it up for sale. After it was completed it was taken on execution at the instance of one of his creditors. The question was whether it was exempt. The defendants, who were the constable and execution creditor, insisted that, in order for the plaintiff to hold the property as exempt, it was incumbent on

him to show that he was principally engaged in some kind of trade or occupation which called for the use of the wagon; that the keeping of the property for sale, the proceeds to be used for carrying on his business, being necessary for that purpose, would not enable him to carry on his trade at the time of the seizure and sale.    But the Court said:

" It is very evident that to sustain this position, and hold that the property in question, under the facts as found in this case, was subject to seizure and sale upon execution, would be to discourage debtors in a profession, trade, or occupation from making proper use of their leisure time, and thus prevent them from effectually and profitably carrying on their principal business."

And it was said, with reference to artisans generally who thus employed their leisure time, or when not being able to obtain custom work sufficient to keep them engaged in the line of their avocation, that we have no doubt that they have this right to thus employ their time instead of remaining idle, and that all such property, not exceeding in value the limit fixed by the statute, would be exempt, not only before, but after, its completion.

In this case Mr. Fischer was a tailor.  His business was making suits of clothing.  His manual labor was employed in this business.  He had the right, in pursuing such business, to purchase cloth and make suits for sale, and such suits would be exempt to the amount of $250.  And if he did not choose to sell, he had a right to rent them out, and still they would be exempt from execution; for a debtor has a right to put his exempt property to such use as he pleases, or he may box it up and store it away until he may find customers to use or buy it.  It being his absolute property, he may give it away, and his creditors have no legal ground for complaint. In this case the plaintiff claimed that the suits in question were given to her by her husband, and this fact the court submitted to the jury, who found in her favor.

Upon the other question involved the court did not err in

deciding it as one of law. The evidence showed the facts substantially as above set forth, and there was no conflicting testimony. In such cases the court is justified in assuming the facts as established, and the question need not be submitted to the jury, upon the trial of civil causes. *Rosenthal v. Scott*, 41 Mich. 632; *Toledo & A. A. R. R. Co. v. Johnson*, 55 Id. 456.

The judgment of the circuit court is affirmed, with costs of both courts.

The other Justices concurred.