D. W. REED, Guardian, v. H. P. LANE, *et al.*, Appellants.

**Res Adjudicata.** A judgment foreclosing a mortgage given by a guardian to his ward for part of the sum due the ward does not bar an action on the guardian's bond to recover the amount due in excess of the sum secured by the mortgage, though the foreclosure petition alleged the removal of the guardian and the full amount of his indebtedness.

**Judgment: COLLATERAL ATTACK.** A final accounting with a guardian cannot be collaterally attacked by him on the ground that no allowance for services was made him. His compensation is presumed to have been considered in arriving at the amount found due from him in such an accounting.

**DATE.** A final order in probate, found in the proper court records is not invalid because the entry thereof is not dated, as it will be presumed to have been rendered by the court in term time and not in vacation.

**PARTLY VOID.** The fact that a judgment directs payment to be made to the clerk, he not being authorized to receive such payment,

does not invalidate other provisions in the judgment fixing the indebtedness of defendant nor relieve him from obligation to pay the sum due.

SUBMISSION. That a judgment is, without resubmission, rendered by a district judge upon matters heard by his predecessor does not invalidate it.

UNCERTAINTY. A judgment in favor of "the minor heirs" of a named person is not void for indefiniteness and uncertainty because it refers to an heir whose first name is Lizzie as Elsie, where the caption shows that it was rendered in probate in an estate belonging to the minor heirs of a person deceased, who are necessarily identified by the various records pertaining to that estate.

Practice: ABATEMENT. In an action by a guardian upon the bond of his predecessor, an answer that the ward has arrived at majority before the commencement of the action, and that the action is not brought in the name of the real party in interest, is demurrable, as it will be presumed that the action is for the interest of the ward, and that she will be bound by the final adjudication.

CONTINUANCE. Separate trials are properly ordered in an action upon a guardian's bond in which a continuance is granted to one defendant, where there ·have been many continuances and much delay, and the other parties do not show good cause for continuance.

Same. A and B being sued as sureties on a bond, A sought a continuance in order to show by B that the signature of B was a forgery. The application was made about four years after the filing of the answer and after B had filed separate answer, alleging his signature to be forged. Plaintiff admitted that the absent surety would testify that his signature was forged. Held, it was not an abuse of discretion to deny the continuance.

ESTOPPEL. Where an answer purports to be an equitable one, defendant cannot complain because a demurrer assailing it, while specific enough for suit in equity, was too general to be good in a law action.

GUARDIAN AND WARD. Land which a guardian purchased in the name of his ward upon a foreclosure sale growing out of an unauthorized loan of the ward's funds made by him, may be sold to pay the claim of the ward for the money unlawfully loaned, and on such sale the notice required where land belonging to an estate is sold, need not be given.

NEW TRIAL. A judgment cannot, after the time for obtaining new trial by Code, 2837, 3154, has passed, be attacked in equity, on the ground of a mistake in computation, where no diligence to discover the mistake is shown, or excuse for failure to discover it is averred.

PLEADING. A motion to strike out certain paragraphs of an answer as incompetent, irrelevant, immaterial, and no defense, is sufficiently specific.

*Same.* Where defendant sets out several partial defenses in separate paragraphs of one division of his answer, thus treating them all as constituting one defense, he cannot complain because plaintiff treated them as one defense, and therefore attacked the paragraphs by motion instead of demurrer.

SUBMISSION. Motions and demurrers submitted at a term, to be decided at that term or in vacation, may be decided at the next term without resubmission.

**Practice in Supreme Court.** Error in computation involved in a judgment cannot be first questioned, on appeal.

**Granger, J.**, took no part.

### *Appeal from Allamakee District Court.*—HON. L. O. HATCH, Judge.

### FRIDAY, DECEMBER 13, 1895.

Action at law on a guardian's bond, to recover an amount alleged to be due from the principal. There was a trial by the court without a jury, and a judgment for the plaintiff, from which the defendants H. P. Lane and Anna A. Lane appealed. Proceedings were afterwards had in the district court for the correction of the record, which resulted in an order correcting it, and from that order the same defendants appeal. The case is submitted on two appeals.—*Affirmed.*

*Stilwell & Stewart* for appellants.

*James H. Trewin* for appellee.

Robinson, J.—In February, 1880, the defendant H. P. Lane was duly appointed guardian of the persons and property of Lizzie Hostert, Henry Hostert, Katie Hostert, Herman Hostert, and Emma Hostert, minor heirs of Matthias Hostert, deceased. He gave the bond upon which this action is based, executed by

himself as principal, and by the defendant Anna A. Lane and others as sureties, and entered upon the discharge of his official duties. In the year 1888 he made an accounting, and was found by the court to be indebted to the estate of which he had charge in the sum of three thousand nine hundred and seventy-four dollars and fifteen cents. He was then discharged, except as to a final accounting, and the plaintiff was appointed and qualified as his successor. This action was brought to recover the sum of two thousand five hundred and sixty-two dollars and sixty-one cents, alleged to be due on account of the guardianship of H. P. Lane, with seven per cent. interest thereon from the thirty-first day of January, 1888. On the tenth day of April, 1893, judgment was rendered in favor of the plaintiff, and against the appellants and others, for the sum of two thousand eight hundred and fifty-two dollars and six cents and costs.

I.   One of the defendants in this action was John Hurley. His name appeared upon the bond as surety, but he filed an answer in July, 1889, in which he denied that he had signed the bond, and denied that he had authorized any one to sign it for him. At a subsequent term in the same year the appellants filed their answers, neither of which contained any reference to Hurley's defense, nor was it referred to in substituted answers filed by them two years later. In January, 1893, the appellant Anna A. Lane for the first time pleaded that Hurley did not sign the bond, nor authorize his signature to be affixed thereto, and alleged that what purported to be his signature was affixed to the bond before she signed it, that in executing it she relied upon his suretyship, and that by reason of the forgery of his name the bond is void as to both. At the same time the defendants filed a motion for a continuance, on the ground that Hurley was a material witness for them, that he was absent, and that on

account of his sickness his testimony could not be obtained for use at that time. The motion was submitted and would have been sustained but for the fact that the plaintiff admitted that Hurley, if present, would testify as alleged in the affidavit of Mrs. Lane. The motion was then overruled as to her. Hurley was permitted to amend the application, and the cause, as to him, was continued. On demand of the plaintiff, a separate trial was granted as to the other defendants, and Mrs Lane then amended her application, and set out the absence of L. O. Hatch, whose testimony was desired, as an additional ground for a continuance; but the application as amended was overruled, and the trial was then had. Complaint is made of these rulings. They were within the sound discretion of the court, however, and that discretion is not shown to have been abused. The testimony which Hurley would have given was set out in the affidavit of Mrs. Lane, and sufficient diligence to obtain the testimony of Judge Hatch was not shown. It may be that the presence of Hurley, and his oral testimony before the jury, would have been of greater value to Mrs. Lane than was his evidence in the form in which it was given; but her defense, so far as it depended upon his signature to the bond, was interposed for the first time after the lapse of nearly four years from the time when Hurley filed the answer in which he charged that his alleged signature was a forgery. There had been many continuances and much delay in the trial of the cause; and we are of the opinion that the district court was right in ordering separate trials. Whether the last continuance was properly granted to Hurley is a question wholly immaterial to Mrs. Lane's defense.

II. The substituted answer of the appellants filed in November, 1891, purported to be an "equitable answer" to the petition as then amended. To the first

and fifth divisions of that answer the plaintiff filed a demurrer on the general ground "that the facts therein alleged do not constitute any defense." This demurrer was sustained, and of that ruling the appellants complain, for the reason that the demurrer failed to specify the grounds of the objections. Section 2649 of the Code provides that "a demurrer must specify and number the grounds of the objection to the pleading, or it will be disregarded; and it shall not be sufficient to state the objections in the terms of the preceding section, except that a demurrer to an equitable petition for the fifth reason of said section may be stated in the terms thereof." The appellants rely upon the first part of this section, while the appellee claims that it falls within the last part, and other provisions of the Code. The fifth reason referred to in the section quoted is "that the facts stated in the petition do not entitle the plaintiff to the relief demanded." Section 2664 of the Code provides for demurrers to answers, and that the party demurring "shall be held to the same certainty in the statement of the grounds therefor as obtains in a demurrer to the petition." Under these provisions, we think the demurrer in question was sufficiently specific. It is true it was filed in an action at law, but it was directed to an answer which purported to be equitable, and the appellants cannot complain that it was treated as equitable for the purposes of the demurrer.

III. It is said the demurrer to the first division was not well taken. That alleges that, although the plaintiff was at one time the guardian of Lizzie Hostert, she had before the commencement of this action attained the age of majority, and that, so far as she is concerned, the action is not brought in the name of the real party in interest. Section 2543 of the Code requires that every action be prosecuted in the name

of the real party in interest, except as provided in the next section. That permits executors, administrators, guardians, and some others who act in a representative capacity, to sue in their own names without joining the parties for whose benefit the actions are prosecuted. It is the general rule that when a ward attains his majority he may demand an accounting of his guardian, and that the duties of the latter with respect to the active management of the estate cease. The ward then stands in the relation of creditor to the guardian. *Humphreys v. Mattoon*, 43 Iowa, 556. But the guardianship does not necessarily terminate at the moment the ward becomes of legal age, especially where his interests demand that it continue, and he does not object. The guardian should be given reasonable time in which to make an accounting and close his official labors. The division of the answer under consideration did not show that there had been any accounting by the plaintiff for the share of his ward Lizzie in the indebtedness in controversy, nor that any steps have been taken to terminate the guardianship of her estate. The defense relied upon in that portion of the answer is merely that the ward has arrived at her majority. So far as the record shows, the action is brought by her consent and for her interest. In view of the relation in which the plaintiff has stood to her and her property, and the duty which devolved upon him to protect the very interests in controversy, we do not think it is incumbent on him to show in the first instance that his right to protect those interests and enforce them continues, nor that the fact that she has attained her majority is alone sufficient ground for the abatement of the action as to her share in the estate. The plaintiff has been entitled to represent her in actions in court, and if that right has been terminated the fact should be shown, and the proper person made a party to the

action. *Roop v. Clarke*, 4 G. Greene, 294. Until that is done it will be presumed that the action is for her interest, and that she will be bound by the final adjudication.

IV. The fifth division of the substituted answer alleges that H. P. Lane rendered services as a guardian for more than eight years, for which no allowance has been made; that the services so rendered were reasonably worth the sum of four hundred dollars; and he asks judgment for that amount. The demurrer to that division was properly sustained. The petition alleges that on the final accounting of Lane he was found to be indebted to the estate in the sum of three thousand nine hundred and seventy-four dollars and fifteen cents, and that he had been ordered to pay to the plaintiff the amount now claimed to be due. These averments are not denied. It thus appears that there has been a final accounting by Lane, and an adjudication by the proper probate court of the amount due from him to the estate. Code, section 2312. The compensation due him should be fixed by the same court, and will be presumed to have been considered in the final adjudication. Code, section 2256. It may be added that the record shows that this was done.

V. The appellants complain of a ruling of the court which struck from the second division of the substituted answer the first six of its paragraphs. The first five alleged, in substance, that the adjudication of the probate court fixing the amount due from H. P. Lane to his wards was the result of a mistake in computation, that the amount fixed was more than one thousand three hundred dollars in excess of the sum actually due, and that the mistake was not discovered by any of the defendants until the term of court at which the substituted answer was filed. The sixth paragraph stricken out alleged that immediately

after the finding of the amount due from Lane, as stated, the plaintiff, as guardian, took possession of certain real estate, the title to which was vested in Lane, and sold it for the benefit of the wards, realizing therefrom the sum of one thousand four hundred and eleven dollars and fifty-four cents, which he should have applied on the amount due from Lane. The ground of the motion to strike these paragraphs was that they were "incompetent, irrelevant, immaterial, and no defense." It is said that this was not sufficiently specific, but we are of the opinion that it was. It is claimed that the first five paragraphs set out a complete partial defense, and the sixth paragraph another, and that they should have been attacked by demurrer. The defendants deemed it proper to set out these matters and others contained in four additional paragraphs in a single division of their answer. The matters set out in the last four paragraphs were not related to those stated in the others, and might have been set out in a separate division, but as they were not, and the various facts set out in the different paragraphs were treated by the defendants as constituting together a single defense, they cannot justly complain that the plaintiff treated them in like manner, and, instead of demurring to the paragraphs which might have been regarded as containing separate defenses, assailed them by motion. It may be further said in regard to the sixth paragraph that it does not allege that the amount realized from the sale of the land was not in fact credited on the amount due from Lane to the estate. The petition shows that exactly that amount was credited, and it elsewhere appears in the record that credit was given as the appellants claim it should have been. Therefore, if the sixth paragraph was erroneously stricken out, they were not prejudiced by the error.

VI. The chief contention of the appellants in regard to the first five paragraphs of the second division of the substituted answer is that they set out a legal defense, which should have been allowed; and in that connection it is insisted that the alleged adjudication of the amount due from Lane to the estate is absolutely void, for various reasons. The plaintiff denies that it is void, and insists that the matter contained in the five paragraphs in question was in effect a collateral attack on a judgment duly rendered by a court which had exclusive jurisdiction of the matter in regard to which the judgment was rendered. The ruling on the motion to strike, now under consideration, involves but a part of the questions in regard to the validity of the judgment which are discussed in argument; but as they arose during the trial, and are involved in a determination of the case, it will be convenient to consider together the defenses set out in the first five paragraphs of the second division of the substituted answer, and the alleged defects in the order or judgment. That portion of the adjudication which we need to consider is from the probate record of Allamakee county, and is as follows: "In District Court of Allamakee County, Iowa, In the matter of the estate of Elsie Hostert et al., Minor Heirs of Matthias Hostert, Deceased. Order of the Court on Final Report of H. P. Lane, Guardian of the Minor Heirs of Matthias Hostert, Deceased. Hearing Thereon. The loan of $2,500 by H. P. Lane, guardian, to his mother, not approved, and the credit claimed for the amount for which the mortgaged property was bid in by guardian at foreclosure sale not allowed. Credits claimed on account of expense in connection with said mortgage and its foreclosure not allowed. The court finds there is now due from said guardian the sum of $3,974.15, and it is ordered that said guardian pay said sum into the clerk of this court on

or before the first day of May, 1888.  If this is done,
the land so bid in by the guardian shall be his prop-
erty, and proper conveyance shall be made to him of
same.  If any part of the sum so found due be not paid
by the 1st day of May next, it is ordered that said land
be sold at private sale by the successor of said Lane,
guardian, for cash, and balance on time, not to exceed
five years; deferred payments to draw 7 per cent.
interest, and to be amply secured by mortgage on real
estate; said Lane to be credited with the proceeds of
such sale, notes as well as cash, less the reasonable
expense of making such sale.  If said Lane shall pay
the said sum due from him in cash, as ordered, or if
he shall within sixty days find a purchaser for said
land, and pay the entire sum due from him as afore-
said, with the proceeds of said land and the necessary
additional sum in cash, it is ordered that he be allowed
two hundred dollars for his services as guardian.
*   *   *  H. P. Lane is discharged as guardian.
*   *   *"

The first objection to this entry is that it is not
dated, and does not show when it was rendered.  At
the time the proceedings which resulted in the entry
were had, the district courts of this state had
probate jurisdiction.  They are courts of general
jurisdiction and their proceedings are presumed
to be regular until it is shown that they are not.  If
jurisdiction depends upon facts not disclosed by the
record, they will be presumed to have existed. *Emigrant
Co. v. Fuller,* 83 Iowa, 605 (50 N. W. Rep. 48); *Hunger
v. Barlow,* 39 Iowa, 541; 12 Am. & Eng. Enc. Law, 147.
No particular form of words is required to constitute a
valid judgment; the substance and not the form, being
material.  The action of the court under consideration,
although nominally an order, is in the nature of a final
adjudication, and must be given the force and effect of
a judgment, and the presumptions which apply to

judgments of courts of general jurisdiction must be applied to it. See 2 Black, Judgm. section 633. There is no absolute requirement that a judgment be dated. If no date appeared, it was presumed at common law to be entered on the first day of the term at which it was rendered. In some states an undated judgment is presumed to have been rendered on the last day of the term, unless the contrary appear. Freeman Judgm. section 45. The judgment in question is found in the proper court records. It purports to have been rendered by the court, and, as nothing to the contrary appears, it will be presumed to have been rendered by the court in term time, and not in vacation. Van Fleet, Coll. Attack, section 30. It is shown that it was rendered before the first day of May, 1888, and no question is involved in the case which makes a determination of the exact date on which it was rendered vital.

It is said the judgment is void for indefiniteness and uncertainty as to the names of the parties. This assertion is based upon the fact that this judgment, in terms, refers to Elsie, and not to Lizzie, Hostert, and upon the claim that no order or judgment could be made in favor of "the minor heirs of Matthias Hostert." The names "Elsie" and "Lizzie" seem to be used interchangeably in the records of the guardianship of Lane and Reed. Whether one person bore both names does not appear. But we do not regard this fact as of controlling importance. The caption of the judgment shows with sufficient clearness and certainty that it was rendered in probate in the estate which belonged to the minor heirs of Matthias Hostert, deceased. They were necessarily identified by the various records which pertained to that estate, and there was no room for doubt as to the beneficiaries of the order. The same is true of the property to which it related. That was shown by the various reports on

file and orders made. It was not necessary that all particulars in regard to it be shown in the final order, although it might have been good practice to have set them out. All papers filed in the case, if properly preserved, and all orders made, although at different terms, together constitute the record of the proceedings in the estate, and may be consulted to ascertain the meaning and application of the order or judgment in question. When that is done the property to which it refers is clearly shown.

It is urged that the provision for sale of land, contained in the order is void because it is not shown that the proceedings required to make a valid sale of real estate of the minors were had. It appears that Lane, without authority, had made a loan of two thousand five hundred dollars to his mother. The mortgage had been foreclosed, and the land sold to the guardian. The court refused to ratify that transaction, but treated the property as belonging to Lane, subject, however, to sale for the benefit of the minors in case Lane did not comply with specified conditions. He had wrongfully invested funds belonging to the minors, which he held for their benefit, and they had the right to enforce their claims for the funds so used against the property in which they had been invested. Although the title to that property was nominally held for them, the action of the court in directing its sale was not a ratification of the investment, but merely provided a method for realizing from the property what it was worth, and applying the proceeds on the claims of the minors for the funds unlawfully invested. The land was not in fact their property, but the acts of the guardian had brought it within the jurisdiction of the court, which was authorized to order the sale for the purpose stated. We do not think it was necessary to treat the land as though the title thereto were fully vested in the

minors, and give the notice of sale which would have been required had that been true. Lane had notice of the sale, in the order for it, to which he was a party, and that was sufficient.

A further objection made to the order is that it directed the payment of money to the clerk, and it is insisted that, prior to the passage of chapter 41 of the Acts of the Twenty-second General Assembly, the clerk had no authority to receive money as contemplated by the order. Payment to the clerk was authorized by section 255 of the Code. But, had it been true that it was not, that fact would not make void so much of the judgment as fixed the amount of Lane's indebtedness to the estate, nor release him from obligation to pay the amount he was owing to the person entitled to receive it. That he has not made such payment is clear. We conclude that the judgment in question is not void.

VII.  Do the first five paragraphs of the second division of the substituted answer show sufficient grounds upon which to correct the adjudication in question? They attack it solely on the ground that in consequence of a mistake in computation the amount found due was too large. The statute provides for new trials to correct mistakes. Code, sections 2837, 3154. No reason for the failure to resort to the method provided by law is shown, excepting that the mistake was not discovered in time. But it is apparent that if a mistake was made it should have been known at once, for it is alleged that the credits to which the guardian was entitled were agreed upon, and a list thereof submitted to the court, and it is not shown that there was any doubt in regard to the amounts with which he should have been charged. No diligence whatever to discover the mistake is shown, no excuse for the failure to discover it is averred, and no sufficient ground for relief by a court of equity is set

out. *Geyer v. Douglass,* 85 Iowa, 94 (52 N. W. Rep.
111); *Finch v. Hollinger,* 47 Iowa, 176; 1 Black, Judgm.
sections 365, 367. The adjudication was binding upon
the sureties of the guardian, as well as upon him.
*Knox v. Kearns,* 73 Iowa, 286 (34 N. W. Rep. 861);
*Knupper v. Glenn,* 73 Iowa, 733 (36 N. W. Rep. 763).
It may be conceded that there are cases where courts
of equity will reform judgments when, by reason of
the lapse of time, the statutory method for obtaining
relief of the character desired is not available. But
this is not a case of that kind. We find it unnecessary
to determine whether the attack on the judgment in
question was direct or collateral.

VIII. There are two judges in the district of
which Allamakee county forms a part. One of them
presided when certain motions and demurrers were
submitted, and another when they were determined.
One presided when the cause was submitted on its
merits, and another when judgment was rendered.
This change in judges is complained of by the
appellants. It is not to be presumed that when
such changes occur, and a ruling is made or
judgment is rendered by a judge who did not hear
the evidence and arguments, his decision is with-
out knowledge of the case, but it should be pre-
sumed that he has fully advised himself in regard
to the merits of the rulings made and the judg-
ments rendered. In most cases he will do no
more than to enter of record and make effective,
the conclusions of the judge who was present when
the cause was submitted. The court, in law, does not
change; and, if it renders correct decisions, litigants
have no grounds for complaint. That the course pur-
sued in this case is authorized was, in effect,
determined in *State v. Emmons,* 72 Iowa, 268
(33 N. W. Rep. 762). The motions and
demurrers referred to were to be decided during
the term at which they were submitted, or in vacation,

as of the last day of that term, but the decision was not rendered until the next regular term. It is said that the court, by failing to determine the question thus presented according to the terms of the submission, lost jurisdiction to decide them, and that there should have been a resubmission. We do not think that jurisdiction was lost, nor that resubmission was required. The case is within the principle announced in *Trulock v. Merte*, 72 Iowa, 514 (34 N. W. Rep. 307).

IX. The appellants insist that the judgment against Lane was erroneous for the reason that there was a former recovery for the same cause of action, which was pleaded in bar in this action. It appears that in the year 1884 Lane and his wife executed to his wards a mortgage for the sum of two thousand five hundred dollars to secure them for money belonging to them in his hands as guardian. That mortgage was foreclosed at the suit of the plaintiff. In the petition for foreclosure the removal of Lane as a guardian, and his total indebtedness to the estate were alleged, but judgment was only asked for the amount which the mortgage secured. It was not an action to recover the entire amount due, but was on the mortgage, for its foreclosure, and to recover the amount which it secured. This action is on the bond, and is not barred by the former suit.

X. Appellants urge numerous objections to rulings of the court, which we need not consider at length. The equitable defenses pleaded were rightly stricken out, and the cause tried as at law. A motion to refer the case for an accounting was properly overruled. We do not discover any prejudicial errors in rulings in regard to the admission of evidence. Some of the questions we have not referred to are answered by what we have already said, and other

questions are unimportant. It is claimed by the appellants that the judgment is for too much and by the appellee that it is for less than the sum due. If there is error in its amount, it does not greatly exceed one hundred dollars, and was not the result of any interlocutory ruling to which the appellants excepted, but to a mistake in the computation, to which the attention of the district court was not called. Under these circumstances, we must decline to determine whether the recovery was in fact excessive. The evidence is conclusive that the estate intrusted to H. P. Lane as guardian was grossly mismanaged by him, and that he is indebted to the plaintiff for about the amount for which judgment was rendered by the district court. The defense has been made with great stubbornness upon technical grounds, without any real merit. The evidence to sustain the judgment is ample.

XI. The second appeal involves the ruling of the district court in correcting an entry in regard to the submission of the cause, made at the January term, 1893. Without deciding that the correction was of any importance to a determination of the case on the first appeal, we conclude that the action of the court in correcting the record is not shown to have been erroneous. As the record was originally made, it reads that "this cause is duly submitted to the court, and by the court taken under advisement." To that was added, by way of correction, "and to be decided at the next term thereof, by and with the consent, in open court, of counsel for both parties. Said defendants except." We cannot say the evidence submitted did not show that the corrections should have been made, nor that it was unauthorized.

XII. The appellants have filed a motion to strike an additional abstract filed by the appellee, on the

ground that the corrections therein made were imma-
terial or unnecessary.  There is no denial of the
additional abstract.  It was chiefly devoted to the cor-
rection of errors, and we must assume that it is
correct.  It is the right of an appellee to have a cause
submitted on a correct abstract, and he need not
wait until the arguments are made to determine
whether the errors are material; but, if their effect is
at least doubtful, he may correct them in an additional
abstract.  We do not find any abuse of this privilege,
excepting as to one printed page.  That set out the
judgment that was rendered against Hurley after this
cause was determined, and some other matters which
were immaterial.  Costs for one additional page of the
abstract will be taxed to the appellee.  It is said that
all of the costs of the appeal should be taxed to
appellee, by reason of the correction of the record, but
we think not.  We are satisfied with the judgment of
the district court, and its order correcting the record,
and they are *affirmed*.

Granger, J., took no part in this case.