NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0765n.06

No. 11-1909

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JOEL HELFMAN,

    Plaintiff-Appellant,

v.

GE GROUP LIFE ASSURANCE COMPANY;
GENWORTH LIFE AND HEALTH INSURANCE
COMPANY,

    Defendants-Appellees,

SUN LIFE ASSURANCE COMPANY OF
CANADA,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**

*Jul 16, 2012*

LEONARD GREEN, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

BEFORE: ROGERS, KETHLEDGE, Circuit Judges, and MARBLEY, District Judge.[*]

ROGERS, Circuit Judge. This appeal presents a simple question of statutory interpretation: Does M.C.L. § 600.6023(1)(f), which protects from garnishment "money or other benefits paid . . . on account of" disabilities, protect attorneys fees paid by an insurance company because of an unsuccessful suit relating to disability benefits? The plain meaning of the statute indicates that it does not. The district court was correct to issue a writ of garnishment for attorneys fees awarded to Joel Helfman from his disability insurer to help satisfy an outstanding judgment against him.

_____

[*]The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

Joel Helfman was receiving long-term disability benefits from two insurers, Sun Life

Assurance Company of Canada and Genworth Life and Health Insurance Company. Both companies

ceased paying Helfman benefits, though their reasons differed. Helfman appealed the termination

decisions, and after exhausting administrative remedies, filed a suit in state court that was removed

to federal court. On August 8, 2008, the district court upheld Genworth's termination decision, and

further held that Genworth was entitled to repayment of past benefits to Helfman. The district court

entered judgment for Genworth against Helfman in the amount of $105,114.07, the entire amount

of which is still outstanding. Helfman did not appeal the judgment.

Sun Life, on the other hand, reversed its decision after taking part in several levels of

administrative and judicial review. It concluded that Helfman was in fact entitled to all remaining

benefits under his policy. Sun Life initially set aside approximately $28,000 to cover this amount,

though has since concluded that more is owing. On December 16, 2010, Genworth filed a request

and writ for garnishment for the money held by Sun Life, asking that it be used to help satisfy

Genworth's judgment against Helfman. The district court denied Genworth's request, holding that

M.C.L. § 600.6023(1)(f) exempted the money from garnishment because it was a payment from an

insurance company for a disability. The relevant language of the statute is:

> (1) The following property of the debtor and the debtor's dependents shall be exempt
> from levy and sale under any execution:
> . . .
> (f) Any money or other benefits paid, provided, or allowed to be paid, provided, or
> allowed, by any stock or mutual life or health or casualty insurance company, on
> account of the disability due to injury or sickness of any insured person, whether the
> debt or liability of such insured person or beneficiary was incurred before or after the
> accrual of benefits under the insurance policy or contract, except that the exemption

does not apply to actions to recover for necessities contracted for after the accrual of the benefits.

M.C.L. § 600.6023.

On April 18, 2011, the district court ordered Sun Life to pay Helfman $46,641.94 in attorneys fees and interest because of Helfman's successful appeal of its termination decision. Genworth filed a request and writ for garnishment for this money. Although Helfman again argued that M.C.L. § 600.6023(1)(f) prohibited garnishment, this time the district court rejected his argument. The district court concluded that the statute's language "is intended to exempt *disability benefits* from garnishment, nothing else" (emphasis in original). Since the words "any money" in the statute are modified by the phrase "or other benefits," the district court reasoned that exemption is plainly limited to benefits, which attorneys fees are not. Helfman timely appealed the district court's grant of the request and writ for garnishment.

Under Michigan law, all items listed as exempt under M.C.L. § 600.6023 are exempt from garnishment pursuant to M.C.L. § 600.4031(1). The only question then is whether M.C.L. § 600.6023(1)(f) applies to the attorneys fees in this case. Under the plain meaning of the statute, the answer is no. The fees are not construed as disability benefits under Helfman's insurance policy, and the statute makes no reference to attorneys fees. The statutory provision in question makes no mention of money paid by a party in litigation, and exempts only money or other benefits paid "on account of" a disability. The phrase's ordinary meaning in context does not include moneys paid by an insurance company because of a court judgment; such a payment is not a benefit and not paid on account of a disability.

This interpretation is not refuted by Helfman's reliance on the underlying policy of the statute. Reading the statute as a whole reveals that it exempts necessities such as clothing, furniture, burial plots, a home's mortgage, and retirement plans from garnishment and levy. The purpose of the statute is to protect those items essential for debtors to continue their lives and retain their dignity. Helfman argues that attorneys fees were necessary to obtain the funds that were, under the policy of the statute, themselves necessary. This indirect necessity is, however, not protected by the terms of the statute. It is simply too far removed from what appears in the statute itself. Limits on garnishment exceptions, moreovor, protect the interests of legitimate judgment creditors. We are not at liberty to rebalance the interests already balanced by the Michigan legislature.

We affirm the judgment of the district court.

*No. 11-1909*
*Helfman v. GE Group Life Assurance*

MARBLEY, District Judge, dissenting.

I respectfully disagree with the majority's interpretation of the Michigan Compiled Laws. The plainest reading of the statute's protection from garnishment of "*any* money or other benefits paid, provided, or allowed to be paid . . . by any . . . health or casualty insurance company . . . on account of the disability," includes any attorneys fees paid by the insurance company to the beneficiary for recovering benefits owed on account of his disability. M.C.L. § 600.6023(1)(f) (emphasis added). Not exempting this category of attorneys fees ignores the inclusive language of the statute, frustrates the drafters' intent of protecting individuals' welfare by exempting certain critical property from levy and sale under any execution, and creates unintended results. Construing the words of the statute, as we are obligated to, "as far as practicable . . . beneficially for the debtor," *Alvord v. Lent*, 23 Mich. 369, 371 (Mich. 1871), requires exempting Helfman's attorneys fees awarded in connection with receiving his disability benefits, in addition to exempting the benefits themselves. *See also Fisher v. McIntyre*, 33 N.W. 762, 763 (Mich. 1887) (remarking that the Michigan high court "has heretofore held that the statute relative to exemptions must be construed beneficially to the poor debtor"). At the outset, therefore, any ambiguity in the statute over which property is included as exempt from garnishment should be decided in favor of including Helfman's attorneys fees.

The majority's own scrutiny of the text leads to this result. The majority points out that M.C.L. § 600.6023(1)(f) makes no specific reference to attorneys fees, and concludes that this omission supports an exclusion of the fees from the statute's coverage. (Maj. ¶ 7.) On the contrary,

however, the fact that attorneys fees were not specifically included in the statute is what one would expect. The drafters declined to mention *any* particular form of exempted "money" or "other benefits" paid by insurance companies, and instead chose to make the applicable class of money and benefits expansive, by using the quantifier, "any." *See* M.C.L. § 600.6023(1)(f). The text contains conclusive evidence that the drafters intended the class of exempted property to include any money fitting the definition, as its drafters provided one express exception: "the exemption does not apply to actions to recover for necessities contracted for after the accrual of benefits." *Id.*

Our fundamental canon of statutory construction, *expressio unius est exclusio alterius*, provides that the statute's express exclusion of certain money and benefits from the defined class, in turn, requires the inclusion of all others which fit the definition. Sun Life's attorneys fees paid to Helfman specifically for recovering his lawful disability benefits are logically included in subsection (1)(f)'s defined class, and do not fall within the subsection's sole exception, and are therefore exempt under the statute. This Court regularly applies this mode of construction to such statutes. *See In re Carter*, 553 F.3d 979, 985 (6th Cir. 2009) ("According to traditional canons of statutory interpretation, remedial statutes should be construed broadly to extend coverage and their exclusions or exceptions should be construed narrowly.") (citations omitted).

The majority's application of M.C.L. § 600.6023 today practically guarantees incentives that run contrary to the most basic goals of fairness and humane public policy. Reading the exemption statute so as not to exempt attorneys fees awarded to beneficiaries from obtaining their exempt disability payments discourages disabled debtors from attempting to recover their much-needed

disability payments from insurers because their legal fees will be subject to garnishment. Insurers, on the other hand, who already enjoy an advantageous economic position vis-à-vis the typical beneficiary, are greatly incentivized by the majority's holding to withhold benefits because it would be irrational for the debtor to litigate to recover them.

In this case, the attorneys fees awarded to Helfman ($46,641.94) were almost double the amount of the benefits owed by Sun Life ($28,124.57). Under the district court's and the majority's narrow reading, therefore, it would have been much better for him not to pursue payment of his rightful benefits. Reading the statute to justify the result herein is at odds with the intent of the Michigan Legislature, and should not be attributed to it through the majority's narrow reading of the statute's wording. *See Stewart v. Welton*, 32 Mich. 56, 59-60 (Mich. 1875) ("[The Michigan exemption] statute[s] are remedial, and have not been strictly, but liberally construed for the purpose of carrying out the wise and human objects in view."); *Shallal v. Catholic Social Services of Wayne County*, 566 N.W.2d 571, 575 (Mich. 1997) (holding, more recently, that remedial statutes "are to be liberally construed, favoring the persons the Legislature intended to benefit").

The necessity of the attorneys fees in obtaining Helfman's benefits is hardly "indirect," as the majority suggests. (Maj. ¶ 8.) Indeed, by subjecting the attorneys fees to garnishment, the benefits themselves actually economically *harmed* Helfman, as their recovery resulted in a net loss to him. This result illustrates, precisely, why the only reasonable reading of M.C.L. § 600.6023 is to include Helfman's attorneys fees as exempted property. The majority expresses a concern that the interests of legitimate judgment creditors will be harmed if the law were to exempt the attorneys

fees.  The suggestion, however, that creditors' rights will be appreciably disturbed by exempting from garnishment this narrowly-tailored class of property—attorneys fees awarded for obtaining disability benefits—strains credulity.  The much more likely, and far more distressing, effect of the majority's "balancing" is the disincentive it creates for society's most vulnerable citizens—individuals with disabilities—from utilizing our justice system to recover wrongfully-withheld disability benefits from their insurers.

I dissent.