MARBLEY, District Judge,
dissenting.
I respectfully disagree with the majority’s interpretation of the Michigan Compiled Laws. The plainest reading of the statute’s protection from garnishment of “any money or other benefits paid, provided, or allowed to be paid ... by any ... health or casualty insurance company ... on account of the disability,” includes any attorneys fees paid by the insurance company to the beneficiary for recovering benefits owed on account of his disability. M.C.L. § 600.6023(l)(f) (emphasis added). Not exempting this category of attorneys fees ignores the inclusive language of the statute, frustrates the drafters’ intent of protecting individuals’ welfare by exempting certain critical property from levy and sale under any execution, and creates unintended results. Construing the words of the statute, as we are obligated to, “as far as practicable ... beneficially for the debt- or,” Alvord v. Lent, 23 Mich. 369, 371 (Mich.1871), requires exempting Helfman’s attorneys fees awarded in connection with receiving his disability benefits, in addition to exempting the benefits themselves. See also Fisher v. McIntyre, 66 Mich. 681, 33 N.W. 762, 763 (1887) (remarking that the Michigan high court “has heretofore held that the statute relative to exemptions must be construed beneficially to the poor debtor”). At the outset, therefore, any ambiguity in the statute over which property is included as exempt from garnishment should be decided in favor of including Helfman’s attorneys fees.
The majority’s own scrutiny of the text leads to this result. The majority points out that M.C.L. § 600.6023(l)(f) makes no specific reference to attorneys fees, and concludes that this omission supports an exclusion of the fees from the statute’s coverage. (Maj.1l 7.) On the contrary, however, the fact that attorneys fees were not specifically included in the statute is what one would expect. The drafters declined to mention any particular form of exempted “money” or “other benefits” paid by insurance companies, and instead chose to make the applicable class of money and benefits expansive, by using the quantifier, “any.” See M.C.L. § 600.6023(l)(f). The text contains conclusive evidence that the drafters intended the class of exempted property to include any money fitting the definition, as its drafters provided one express exception: “the exemption does not apply to actions to recover for necessities contracted for after the accrual of benefits.” Id.
Our fundamental canon of statutory construction, expressio unius est exclusio al-terius, provides that the statute’s express exclusion of certain money and benefits from the defined class, in turn, requires the inclusion of all others which fit the definition. Sun Life’s attorneys fees paid to Helfman specifically for recovering his lawful disability benefits are logically in- *115 eluded in subsection (l)(f)’s defined class, and do not fall within the subsection’s sole exception, and are therefore exempt under the statute. This Court regularly applies this mode of construction to such statutes. See In re Carter, 553 F.3d 979, 985 (6th Cir.2009) (“According to traditional canons of statutory interpretation, remedial statutes should be construed broadly to extend coverage and their exclusions or exceptions should be construed narrowly.”) (citations omitted).
The majority’s application of M.C.L. § 600.6023 today practically guarantees incentives that run contrary to the most basic goals of fairness and humane public policy. Reading the exemption statute so as not to exempt attorneys fees awarded to beneficiaries from obtaining their exempt disability payments discourages disabled debtors from attempting to recover their much-needed disability payments from insurers because their legal fees will be subject to garnishment. Insurers, on the other hand, who already enjoy an advantageous economic position vis-a-vis the typical beneficiary, are greatly ineentivized by the majority’s holding to withhold benefits because it would be irrational for the debtor to litigate to recover them.
In this case, the attorneys fees awarded to Helfman ($46,641.94) were almost double the amount of the benefits owed by Sun Life ($28,124.57). Under the district court’s and the majority’s narrow reading, therefore, it would have been much better for him not to pursue payment of his rightful benefits. Reading the statute to justify the result herein is at odds with the intent of the Michigan Legislature, and should not be attributed to it through the majority’s narrow reading of the statute’s wording. See Stewart v. Welton, 32 Mich. 56, 59-60 (Mich.1875) (“[The Michigan exemption] statute[s] are remedial, and have not been strictly, but liberally construed for the purpose of carrying out the wise and human objects in view.”); Shallal v. Catholic Social Services of Wayne County, 455 Mich. 604, 566 N.W.2d 571, 575 (1997) (holding, more recently, that remedial statutes “are to be liberally construed, favoring the persons the Legislature intended to benefit”).
The necessity of the attorneys fees in obtaining Helfman’s benefits is hardly “indirect,” as the majority suggests. (Maj-¶ 8.) Indeed, by subjecting the attorneys fees to garnishment, the benefits themselves actually economically harmed Helfman, as their recovery resulted in a net loss to him. This result illustrates, precisely, why the only reasonable reading of M.C.L. § 600.6023 is to include Helf-man’s attorneys fees as exempted property. The majority expresses a concern that the interests of legitimate judgment creditors will be harmed if the law were to exempt the attorneys fees. The suggestion, however, that creditors’ rights will be appreciably disturbed by exempting from garnishment this narrowly-tailored class of property — attorneys fees awarded for obtaining. disability benefits — strains credulity. The much more likely, and far more distressing, effect of the majority’s “balancing” is the disincentive it creates for society’s most vulnerable citizens — individuals with disabilities — from utilizing our justice system to recover wrongfully-withheld disability benefits from their insurers.
I dissent.