W. B. DUNKELBARGER, Appellee, v. WILLIAM C. MYERS, Appellant.

WILLIAM C. MYERS, Appellant, v. W. B. DUNKELBARGER et al., Appellees.

No. 40352.

DECEMBER 13, 1930.

*Gillespie, Moody & Stewart,* for appellant.

*Guy A. Miller,* for appellees.

ALBERT, J.—On the 23d day of December, 1924, W. B. Dunkelbarger filed a petition in equity against the defendant, William C. Myers. Issues were made up, and the case was assigned, and tried to the court on November 8, 1926, Honorable Lester L. Thompson presiding. At the close of the case, Judge Thompson took the case under advisement. On the 2d day of May, 1928, he entered a decree in favor of Dunkelbarger. During this time, a rule of court was in force in the Polk County district court to the effect that all cases which had been docketed for three consecutive terms without having been assigned, continued, or noted for trial would be dismissed for want of attention, on a date fixed by the court, unless satisfactory showing was made, etc. In pursuance of said rule, in November, 1927, the clerk of the court prepared a list of cases which he thought had not been assigned, continued, or noted for trial for three consecutive terms, in which was included the instant case, and notice of said proposed dismissal was published in the Des Moines Daily Record. On the date designated, to wit, December 10, 1927, Honorable O. S. Franklin, one of the judges of said court, entered an order dismissing this cause, which order was duly journalized. Two terms of court intervened between the making of this dismissal order and the judgment entry and decree entered on the 2d day of May, 1928. At the time this decree was entered, Judge Thompson's attention was called to the fact that, on the 10th day of December previous, Judge Franklin had entered an order dismissing the case; whereupon Judge Thompson entered an order setting aside said dismissal and reinstating the cause. Neither Myers nor his counsel was present at this time, and they had no knowledge or notice that Judge Franklin's order was to be set aside.

It appears that execution issued and levy was made under the judgment entered on said 2d day of May, 1928, and on August 10th following, Myers filed his petition in equity, asking that the sheriff be enjoined from selling, on the ground that the judgment entry made on the 2d day of May was null and void. Following this, on the 27th day of August, 1928, Myers filed a

motion to set aside the judgment and to correct the journal entry, bottomed on the same grounds alleged in the injunction proceedings, to wit: that the judgment entered on the 2d day of May, 1928, by Judge Thompson was without jurisdiction, by reason of the fact that the case had been dismissed by the order of Judge Franklin on December 10, 1927.

On the 6th day of March, 1929, before Judge Thompson, the motion to set aside the judgment and to correct the journal entry and the motion to dissolve the temporary injunction were all submitted to the court on an agreed statement of facts, and on the 17th day of June, 1929, Judge Thompson overruled the motion, and entered a decree dismissing the injunction proceedings instituted by Myers; hence this appeal.

Stripped of all verbiage, the question is not only a narrow one, but a troublesome one. Simplified, the original case was tried on the 8th day of November, 1926, by Judge Thompson, and he took the same under advisement. On December 10, 1927, Judge Franklin entered an order dismissing the cause without prejudice, and on May 2, 1928, Judge Thompson, without the knowledge or notice of the defendant, set aside the order of Judge Franklin, reinstated the cause, and entered a decree.

The only oral evidence taken in the case, aside from the stipulated facts which we have summarized, is the testimony of Judge Franklin, which is, in substance, as follows:

"I remember that I entered a dismissal of the case of Dunkelbarger v. Myers, No. 40147, on that date, on December 10, 1927. I got a notation from the clerk of the court that the cause was one that should be dismissed. It was the custom at that time for the clerk, under the rules, to make up a list of causes at the end of each term where the calendar does not show that they have been noted for trial for three consecutive terms prior to the term at which the list is made up. Such list is made up without consulting the judges with reference to whether any of such causes have been submitted. The case of Dunkelbarger v. Myers was on the list furnished me by the clerk. I would not have dismissed said cause if I had known that Judge Thompson had this cause under advisement."

Cross-examination: "Q. With the information which had been supplied to you by the clerk, you came to the conclusion

that the case was a proper one to be dismissed, under the rules of the court at that time? A. Well, I must have thought that simply from the record, without making any particular investigation myself. Yes. Q. You entered the order you intended to enter, didn't you, Judge Franklin? A. Yes, sir.''

It is the contention of Myers that Judge Franklin had the jurisdiction to enter this order of dismissal as he did and at the time he did; that the same was a valid and binding order; that it operated to dismiss the case from court; and that Judge Thompson had no right to set aside this order, at least without notice and opportunity to be heard by Myers.

The narrow question here presented seems to be without precedent either in this court or other courts. If the action of the lower court is to be sustained, it must be on the ground that Judge Franklin had no jurisdiction to enter the order of dismissal. True, the record shows that the entry of such order by Judge Franklin was through inadvertence or mistake; as he states in his testimony that, had he known that the case was held under advisement by Judge Thompson, he would not have entered such order. The question here involved may arise in any of our districts, especially in the larger cities, where two or more judges are holding court during the same term at the same time.

Generally speaking, where there are several judges holding court at the same place at the same time, the action of any one of them in matters before him is the action of the court. But we have here a condition where a case was duly assigned, tried, and submitted to one judge, and he took such case under advisement. In so doing, we think he excluded all other judges in his district from making any orders which in any way would affect the substantial rights of the parties, or which would in any way interfere with Judge Thompson's final disposition of the case. In other words, we think that, when this case was tried and submitted to Judge Thompson, and he took it under advisement, he took full jurisdiction of the cause, and thus deprived other associate judges from jurisdiction to dismiss the case. We think this is the practical rule; for, were it not so, under the circumstances of the instant case, utter confusion might be brought

about in any case if different judges made orders or rulings therein.

We more readily reach this conclusion by reason of the provisions of Section 10797, Code, 1927, reading as follows:

"In districts in which the district court is composed of more than one judge, the judges shall not sit together in the trial of causes, nor upon the hearing of motions for new trials, but may together hold the same term, making an apportionment of the business between them; * * *"

It is shown by the record before us that, in the division of the work, this case was apportioned to and tried by Judge Thompson; and it would be a logical conclusion to say, in accordance with the spirit of the provision of the Code, that, when the case was apportioned to Judge Thompson, no other judge of that court could in any way interfere with said cause, for by such apportionment to him, the other judges lost jurisdiction of the case. As tending to sustain us in this conclusion, see 15 Corpus Juris 869, Note 50, and cases therein cited.

Of course, this rule will not apply where a judge takes a matter under advisement and fails to decide it before the expiration of his term of office, or in case of his death, or any other unavoidable casualty, in which event the jurisdiction would pass back to the court as a whole, and some other judge would have disposition of the matter.

We are of the opinion, therefore, that the order entered by Judge Franklin on the 10th day of December, 1927, was without jurisdiction and void.—*Affirmed.*

MORLING, C. J., and EVANS, STEVENS, FAVILLE, DE GRAFF, KINDIG, and WAGNER, JJ., concur.