**STATE of Iowa, Appellee,**

v.

**Wade Allen WRAGE, Appellant.**

**No. 62408.**

Supreme Court of Iowa.

May 30, 1979.

Walter W. Rothschild, Waterloo, for appellant.

Thomas J. Miller, Atty. Gen., and Ann Fitzgibbons, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, ALLBEE, and LARSON, JJ.

HARRIS, Justice.

Must the same judge who imposed sentence be the one who reconsiders it under

§ 903.2, The Code, 1979? We think not and accordingly affirm the trial court.

Companion sections for so-called "shock probation" were enacted as a part of the 1977 criminal code revision. This suit involves § 903.2 (reconsideration of misdemeanant's sentence). The section provides:

> For a period of thirty days from the date when a person convicted of a misdemeanor begins to serve a sentence of confinement, the court may order the person to be returned to the court, at which time the court may review its previous action and reaffirm it or substitute for it any sentence permitted by law. The court's final order in any such proceeding shall be delivered to the defendant personally or by certified mail. Such action is discretionary with the court and its decision to take such action or not to take such action is not subject to appeal. The provisions of this section notwithstanding, for the purposes of appeal a judgment of conviction is a final judgment when pronounced.

A companion statute, § 902.4, The Code, 1979, provides for reconsideration of a felon's sentence.

Wade Allen Wrage (defendant) pled guilty to operating a vehicle without the owner's consent, an aggravated misdemeanor under § 714.7, The Code, 1979. Thereafter Judge Peter Van Metre, presiding as the trial court, sentenced defendant to 180 days in the Black Hawk County jail.

The following week defendant moved to have his sentence reconsidered under § 903.-2. The next day the trial court, Judge Dennis D. Damsgaard presiding, denied the motion. This appeal is from that denial. Defendant's sole contention on appeal is that it was error for any judge, other than the one who sentenced him, to act on his motion to reconsider.

■ I. The State suggests three alternative reasons why we should not reach the merits of defendant's contention.

First, the State points to the language in § 903.2 which makes trial court orders discretionary and not appealable. Here the State misapprehends defendant's contention. The defendant does not directly question whether shock probation should or should not have been granted. Rather, the defendant urges that the decision of the trial court was a nullity because it was entered by the wrong judge. The discretionary nature of the trial court's authority under this section is no reason why we should not reach the merits of the defendant's contention.

■ The State next argues that relief under this section cannot be granted upon motion because the section does not expressly provide for an application. But we think the section does not indicate the court must act *sua sponte* or not at all. We know of no rule which prohibits parties from applying to courts for appropriate relief. It would be an absurd rule which would strip the court of authority to act merely because it occurred to a party to suggest it.

■ For its final reason why we should not reach the merits of defendant's contention, the State argues that the motion was premature. Defendant had not begun to serve his sentence when he moved that it be reconsidered. The State suggests there was no way for trial court to order him returned for reconsideration until he was serving. But we find no prohibition against filing the application before the sentence was being served.

Having rejected all three of the State's threshold arguments we turn to the merits.

II. In defendant's view, the power to reconsider sentences under § 903.2 is vested exclusively in the judge who imposed the sentence. He argues that practical necessity supports his view because chaos would otherwise ensue. The defendant believes that rejection of his interpretation would result in judges reviewing one another's sentences. This would in turn invite disharmony among judges, forum shopping, and disparity of punishment.

Defendant relies on *Dunkelbarger v. Myers*, 211 Iowa 512, 233 N.W. 744 (1930), in which a case was dismissed by one judge for failure to prosecute after it had been

taken under advisement by another judge. In holding the dismissal was a nullity, we said:

> Generally speaking, where there are several judges holding court at the same place at the same time, the action of any one of them in matters before him is the action of the court. But we have here a condition where a case was duly assigned, tried, and submitted to one judge and he took such case under advisement. In so doing we think he excluded all other judges in his district from making any orders which in any way would affect the substantial rights of the parties, or which would in any way interfere with . . . final disposition of the case. . . .

211 Iowa at 515, 233 N.W. at 745.

But the holding in *Dunkelbarger* was limited to its facts: dismissal of the case by one judge while it was under submission to another judge. It is not authority for the contention that any judicial determination in a case by one judge divests all other judges of authority to act on other matters in the same case. In the present case the act of Judge Damsgaard in no way interfered with anything under submission to Judge Van Metre. *Dunkelbarger* is not in point.

Defendant also relies on *Central Savings & Loan Association v. Gaumer*, 167 N.W.2d 656 (Iowa 1969), in which we held a party cannot resubmit a previously denied motion for summary judgment in the hope of getting a better result from a different judge. The present case does not involve resubmission of a matter already ruled upon. Wrage's motion for reconsideration had not been denied nor even submitted to any other judge.

Past cases have clearly distinguished the institution of the court from the office of a judge. For example we have said: "A 'judge' is not necessarily a 'court,' although a 'court' necessarily includes a 'judge.'" *Salinger v. Telegraph Co.*, 147 Iowa 484, 492, 126 N.W. 362, 365 (1910).

Several of our cases have shown there is nothing personally exclusive to the function of a particular judge who acts as a court in a given case. In *Renner Bros. v. Thornburg*, 111 Iowa 515, 522, 82 N.W. 950, 952 (1900), we found no error where one judge withdrew an erroneous instruction from a jury at the direction of another judge who had presided over trial of the case. In *State v. Jones*, 115 Iowa 113, 120–121, 88 N.W. 196, 198 (1901), we rejected a complaint that a defendant who had been tried and convicted before one judge should not have been sentenced by another. In *State v. Kulish*, 260 Iowa 138, 144, 148 N.W.2d 428, 432–433 (1967), we held the same where the conviction was by a guilty plea. In *Sloanaker v. Howerton*, 182 Iowa 487, 497, 166 N.W. 78, 82 (1918), we held that a judge not assigned for the term when a referee's report was filed could nevertheless approve the report. More recently in *State v. Parrish*, 232 N.W.2d 511, 514–515 (Iowa 1975), we held that " . . . the action of any one of several judges holding court at the same place and time is the action of the court. . . ." Thus we approved the sentencing of a defendant by one judge after his plea of guilty had been accepted by another and found no need to again fulfill the requirements of *State v. Sisco*, 169 N.W.2d 542 (Iowa 1969).

■ The action of one judge, sitting as the court, may have the effect of altering or setting aside a previous ruling by another judge sitting as the same court. In *Comes v. Comes*, 190 Iowa 547, 550–551, 178 N.W. 403, 405 (1920), we held it was proper for the trial court to set aside a default previously entered by a different judge.

Many more cases could be cited. But we find the foregoing establish Judge Damsgaard's authority. It can be conceded that, where the same judge is available to continue to sit in a given case, there is ordinarily some advantage in not substituting another judge. With a substitution of judges, the second judge has to familiarize himself with the case, often an extensive and difficult task. But such a burden is not insurmountable. *Reed v. Lane*, 96 Iowa 454, 65 N.W. 380 (1895), involved an action to recover on a guardian's bond. One judge presided at trial but another rendered the judgment.

Responding to a complaint of the substitution we said:

> . . . It is not to be presumed that when such changes occur, and a ruling is made or judgment is rendered by a judge who did not hear the evidence and arguments, his decision is without knowledge of the case, but it should be presumed that he has fully advised himself in regard to the merits of the rulings made and the judgments rendered. In most cases he will do no more than to enter of record and make effective, the conclusions of the judge who was present when the cause was submitted. The court, in law, does not change; and, if it renders correct decisions, litigants have no grounds for complaint. . . .

96 Iowa at 468, 65 N.W. at 384. We took a similar view in *State v. McCray*, 189 Iowa 1239, 1244, 179 N.W. 627, 629 (1920).

■ In summary we believe that it would ordinarily be more appropriate for the sentencing judge, who is thus already familiar with the case, to reconsider that punishment under § 903.2. But we find no rule requiring it. Defendant's contention to the contrary is without merit.

AFFIRMED.