John D. RIDINGER, Appellant,

v.

STATE of Iowa, Appellee.

No. 69190.

Supreme Court of Iowa.

Dec. 21, 1983.

# 735

Raymond E. Rogers, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and Stephen J. Petersen, County Atty., for appellee.

SCHULTZ, Justice.

This is an appeal by petitioner John D. Ridinger from the district court's summary dismissal of his application for postconviction relief. He contends dismissal was improper since a genuine issue of material fact was raised by his application and thus an evidentiary hearing was required. Essentially, his contention depends on whether the term "reconsideration" as used in Iowa Code section 902.4 is ambiguous. We find it is not and affirm.

Ridinger had judgment and sentence entered against him for burglary in the second degree in violation of Iowa Code sections 713.1 and 713.3 (1981). Because no appeal was taken, we will confine our discussion to the basic facts underlying his present contentions. On September 21, 1981, a plea of guilty was entered and the plea agreement was disclosed to the court as required by Iowa Rule of Criminal Procedure 9. In pertinent part, the agreement provides: "In the event defendant is sentenced to serve a term in prison, the State will recommend reconsideration of sentence provided that defendant's conduct in prison is exemplary, i.e., no infraction of rules other than housekeeping or custodial rules." On October 12, Ridinger was sentenced to imprisonment for a term not to exceed ten years.

On December 11, Ridinger applied for reconsideration of his sentence pursuant to section 902.4. On February 8, 1982, the sentencing judge conducted an evidentiary hearing on reconsideration. Ridinger appeared with counsel and presented evidence. The State resisted a change in the sentence and presented evidence concerning defendant's past record. This evidence was unrelated to his conduct in prison and was received over an objection that the State's action was, in fact, a resistance to reconsideration in violation of the terms of the plea agreement. Following the hearing, the sentencing court ruled that "after reconsideration the sentence previously imposed on October 12, 1981, should continue."

On March 1, Ridinger filed an application for postconviction relief based upon the events that transpired at the reconsideration hearing. In his petition he claims the State resisted reconsideration of the sentence in violation of its agreement.

In response to petitioner's request for postconviction relief, the sentencing judge entered an order under Iowa Code section 663A.6 of its intent to dismiss the application. It noted applicant's claim that the State's resistance at the reconsideration amounted to misconduct and pointed out that this issue had been raised at the reconsideration hearing. The ruling further indicated Ridinger did not ask that his plea be set aside and provided further grounds for dismissal. Upon notice of the court's intent to dismiss, Ridinger amended his application and requested the court to set aside his plea. Additionally, he requested that the sentencing judge recuse himself because of prejudice toward Ridinger and reiterated the claim that the State violated the plea bargain. No additional facts were set out. The sentencing judge recused himself and the matter was handled thereafter by another judge.

As indicated by the district court ruling, Ridinger basically insists an agreement to recommend reconsideration is an agreement to recommend his release from prison. In dismissing this action, the district court found no material issue of fact. It reasoned that the State agreed to recommend reconsideration of the sentence, and the sentence subsequently was reconsidered. It did not credit petitioner's claim that reconsideration meant the State would advocate Ridinger's release from prison.

▪ Summary disposition by notice of the court's intent to dismiss pursuant to section 663A.6 is not proper where a material issue of fact exists. *Watson v. State*, 294 N.W.2d 555, 557 (Iowa 1980). This particular postconviction disposition is analogous to our summary judgment procedure provided in Iowa Rules of Civil Procedure 237–240. *Boge v. State*, 309 N.W.2d 428, 430 (Iowa 1981). "Whether a genuine issue of material fact exists, so as to preclude summary disposition, turns on whether reasonable minds could draw different inferences and reach different conclusions from them." *Id.* Here the question narrows to whether additional facts are required to interpret the plea agreement. In other words, to whether an evidentiary hearing is required.

▪ Interpretation involves the ascertaining of the meaning of words and is a legal rather than a factual issue unless extrinsic evidence is required at the trial level. *Fashion Fabrics of Iowa, Inc. v.*

*Retail Investors Corporation,* 266 N.W.2d 22, 25 (Iowa 1978). An examination of the pleadings and record does not reveal any facts suggesting Ridinger was misinformed by either his trial counsel or the county attorney concerning the meaning of the plea agreement. Specifically, the petitioner did not allege he was induced to plead guilty by a promise that the State would recommend a favorable disposition at his reconsideration hearing. Thus, an evidentiary hearing was not required and summary dismissal was proper, absent an apparent ambiguity in the language of the plea agreement.

 We think objectively that reasonable minds could not reach different inferences from the quoted terms of the plea bargains. The common understanding of the term "reconsideration" is the act of considering again or anew. Here, petitioner was given an opportunity to have his sentence reconsidered. The fact he subjectively disagrees with the plain meaning of the agreement, without more, does not establish its ambiguity. *Farm Bureau Mutual Insurance Co. v. Sanbulte,* 302 N.W.2d 104, 108 (Iowa 1981). Where the language is clear and unambiguous, the intention expressed in the agreement prevails over the intent or interpretation of a party. *Mopper v. Circle Key Life Insurance Co.,* 172 N.W.2d 118, 124 (Iowa 1969).

 Nevertheless, Ridinger implies he received nothing and the plea agreement was worthless unless it is interpreted as binding the State to recommend a favorable disposition at the reconsideration hearing. We think otherwise. A reconsideration of a sentence under section 902.4 is an entirely discretionary procedure. The district court has unlimited discretion to decide whether or not it will grant a reconsideration hearing. *State v. Morehouse,* 316 N.W.2d 884, 886 (Iowa 1982) (a refusal to reconsider sentence on the request of defendant is not appealable); *State v. Wrage,* 279 N.W.2d 4, 6 (Iowa 1979) (although an application for reconsideration by the defendant is proper, its rejection by a judge other than the sentencing judge is accepta-

ble). The existence of the plea agreement undoubtedly influenced the sentencing judge, who was aware of the plea bargain, to give petitioner a chance to have his sentence reconsidered. Consequently, the plea bargain was not an idle gesture nor was the benefit received by petitioner less than what he had been promised. We do not believe the court's unfavorable disposition after reconsideration or the State's resistance to a different sentence at the hearing deprived petitioner of the benefit of his bargain.

We conclude the district court properly decided the issue as a matter of law and was not required to hold an evidentiary hearing. The plea bargain was unambiguous, and its plain terms were not violated by the State. Since no genuine issue of material fact was presented, it was proper for the court to summarily rule.

AFFIRMED.

All Justices concur except UHLENHOPP, HARRIS, McCORMICK, and LARSON, JJ., who dissent.

UHLENHOPP, Justice (dissenting).

I think that Ridinger should have a postconviction hearing.

The validity of a guilty plea is involved. A guilty plea comes from the accused and must be voluntary. Hence a material question is, what induced the accused to plead guilty and give up his right to trial? *Stovall v. State,* 340 N.W.2d 265, 267 (Iowa 1983) ("material in the sense that it is part of the inducement for the defendant's decision to plead guilty"). When an accused is offered an inducement in a plea bargain, the question is therefore what *he* understood the inducement was (if his understanding is within the realm of reason), for the ultimate issue is whether the plea was voluntary *on the part of the accused.* A plea bargain is thus different from an ordinary commercial contract.

Here Ridinger's claim that a recommendation of reconsideration meant a positive recommendation is within the realm of reason. The first definition of "reconsider" in

*Webster* is "a: to think over, discuss, or debate (as a plan, decision) *esp. with a view to changing or reversing....*" *Webster's Third New International Dictionary* (1969) (emphasis added). The question, therefore, is whether Ridinger *understood* a recommendation of reconsideration to mean a positive recommendation, when he accepted the bargain. His understanding of the bargain can be ascertained by consideration of all the evidence at the hearing, in the way state of mind is usually ascertained.

If Ridinger did not understand that the State would make a positive recommendation of reconsideration, then he has no complaint and his guilty plea should stand. On the contrary if Ridinger understood that the bargain meant the State would recommend reconsideration positively, then he should be allowed to plead anew, as the State did not so recommend but instead produced evidence in opposition to his release from prison. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). If Ridinger thus pleads anew, pleads not guilty, and is convicted at trial, he cannot justifiably claim he is in prison because the State did not carry out a plea bargain.

I would reverse the judgment and direct that a hearing be held regarding the validity of the guilty plea.

HARRIS, McCORMICK and LARSON, JJ., join in this dissent.