Richard J. HARTIG, Appellant,

v.

Thomas FRANCOIS and T. Curt Francois
d/b/a Thomas Francois Masonry,
Appellees.

No. 93–487.

Supreme Court of Iowa.

July 27, 1994.

Robert L. Sudmeier of Fuerste, Carew,
Coyle, Juergens & Sudmeier, P.C., Dubuque,
for appellant.

Stephen J. Powell and Samuel C.
Anderson of Swisher & Cohrt, Waterloo, for
appellees.

Considered by HARRIS, P.J., and
LARSON, LAVORATO, SNELL, and
TERNUS, JJ.

LARSON, Justice.

This is an appeal by a homeowner from a summary judgment in favor of one of the defendants in a suit for alleged negligence in the construction of a retaining wall. We reverse and remand.

### I. *The Procedural Issue.*

█ The plaintiff first raises an issue of "jurisdiction" to enter the summary judgment order. The defendant contends that the issue has been waived by the plaintiff's failure to raise it in district court. The plaintiff rejoins that this is not an issue that needs to be raised because it is subject matter jurisdiction.

The procedural facts are that Judge Curnan had considered the summary judgment motion and had heard the arguments of counsel. He apparently then dictated a proposed order, but did not sign it. He left for vacation, and Judge Pearson was assigned to try the case. As the time for trial approached, Judge Pearson was advised that there was an unsigned order on the summary judgment motion. He located the order and signed it.

In *Dunkelbarger v. Myers,* 211 Iowa 512, 233 N.W. 744 (1930), the presiding judge took the case under advisement. Another judge, not knowing that, entered his own order. On appeal, we held that the intervening judge did not have "jurisdiction" to enter the order:

> [W]hen the case was apportioned to [the first judge], no other judge of that court could in any way interfere with said cause, for by such apportionment to him, the other judges lost jurisdiction of the case. . . .
>
> Of course, this rule will not apply where a judge takes a matter under advisement and fails to decide it before the expiration of his term of office, or in case of his death, or any other unavoidable casualty, in which event the jurisdiction would pass back to the court as a whole, and some other judge would have disposition of the matter.

*Dunkelbarger,* 211 Iowa at 516, 233 N.W. at 745.

The present case is distinguishable from cases such as *Dunkelbarger* because the action of Judge Pearson was not inconsistent with that of Judge Curnan, but rather was in furtherance of it.

This case is similar to *State v. Wrage,* 279 N.W.2d 4 (Iowa 1979), in which we said:

> [T]he holding in *Dunkelbarger* was limited to its facts: dismissal of the case by one judge while it was under submission to another judge. It is not authority for the contention that any judicial determination in a case by one judge divests all other judges of authority to act on other matters in the same case.

*Id.* at 6.

We need not address the defendant's procedural argument on the alleged failure to preserve error because we reject the jurisdiction argument on its merits.

### II. *The Summary Judgment.*

Defendant Thomas Francois, who operates a construction company in Dubuque, is defendant Curt Francois's father. Summary judgment was entered on behalf of Thomas Francois on the grounds that, (1) as a matter of law, a joint enterprise with Curt could not be established, and (2) Thomas Francois could not be held liable for negligence. The case proceeded to trial against Curt Francois only, and a judgment was entered against him.

For summary judgment purposes, a fact issue exists if reasonable minds could differ on how the issues should be resolved. *Hoefer v. Wisconsin Educ. Ass'n Ins. Trust,* 470 N.W.2d 336, 338 (Iowa 1991).

█ A. A joint venture is an association of two or more persons to carry out a single business enterprise or a common undertaking in which they combine their property, money, efforts, skill, or knowledge. *Farm–Fuel Prods. Corp. v. Grain Processing Corp.,* 429 N.W.2d 153, 156 (Iowa 1988) (citing *Pay–N–Taket, Inc. v. Crooks,* 259 Iowa 719, 724, 145 N.W.2d 621, 625 (1966)). The existence of a joint enterprise need not be expressed but may be implied in whole or in

part from the conduct of the parties. *Farm–Fuel*, 429 N.W.2d at 156.

 Thomas, the father, furnished labor and supervisory services on the job, according to the resistance. Much of the equipment that was used was Thomas's. The bid for this job was made on Thomas's bid forms. Employees of Thomas assisted in the construction of the wall, and many of the contacts that the plaintiff made to Curt were actually made through Thomas. When Curt was not available to supervise, Thomas was considered to be the "boss."

In view of these contentions, Thomas did not demonstrate the lack of a genuine issue of material fact on the joint enterprise theory. Therefore, it was error for the court to enter summary judgment on this issue.

B. Hartig also sued Thomas Francois for Thomas's own negligence, but the district court entered summary judgment against him on that issue as well. Thomas claims he had nothing to do with the design or construction of the wall. But, according to the plaintiff's resistance, Thomas was present at the time the wall was constructed and actually participated in the work. During Curt's absence, Thomas was even in control of the construction.

The resistance also contended that Thomas Francois had considerable knowledge and experience as a stone mason and, therefore, should have known that the wall was not built in a workmanlike manner. (The wall collapsed shortly after construction.)

The general rule is that

[a]n employee who does an act otherwise a tort is not relieved from liability by the fact that he acted at the command or on account of his employer, except where he is exercising a privilege of the employer, or a privilege held by him for the protection of the employer's interests.

Liability of the employee in such cases is based not upon agency, but upon the ground that he is a wrongdoer and, as such, responsible for any injury he may have caused; it is based upon the common-law obligation that every person must so act, or use that which he controls, as not to injure another.

53 Am.Jur.2d *Master and Servant* § 446, at 464 (1970).

The issue in a summary judgment case is simply whether the defendant has established an absence of a genuine issue of fact, and the defendant failed to do so in this case. We reverse and remand for further proceedings.

**REVERSED AND REMANDED.**