# IN THE COURT OF APPEALS OF IOWA

No. 14-0741
Filed June 10, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JASON MICHAEL ZEAL,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Michael S. Schubatt, Judge.

Jason Zeal appeals from the judgment and sentence entered following his guilty plea to manufacturing methamphetamine. **AFFIRMED.**

Colista K. Anglese of Hammer, Simon & Jensen, P.J., Dubuque, for appellant.

Thomas J. Miller, Attorney General, Kelli Huser, Assistant Attorney General, Ralph Potter, County Attorney, and Timothy Gallagher, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., Doyle, J., and Miller, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**PER CURIAM.**

Jason Zeal appeals from the judgment and sentence entered following his guilty plea to manufacturing methamphetamine, a class "C" felony. He contends the court abused its discretion in denying his request to withdraw his guilty plea and his motion in arrest of judgment. In the alternative, he contends his trial counsel was ineffective in failing to file a timely motion in arrest of judgment. Finding no merit to his claims, we affirm.

**I. BACKGROUND FACTS AND PROCEEDINGS.**

In 2013, Zeal was arrested and charged with manufacturing methamphetamine, with enhancement. The parties reached an agreement whereby Zeal would plead guilty to the charge, without enhancement; the State would recommend nothing more onerous than a ten-year suspended sentence plus the minimum fine; and Zeal had the right to request a deferred judgment.

Zeal pled guilty to the unenhanced charge on July 15, 2013. At the plea hearing, the court asked Zeal if he had been made any promises as to what would happen if he pleaded guilty, and Zeal responded, "No, Your Honor." The court then explained the rights Zeal was waiving, the maximum penalties for the crime, and the elements of the crime with which he was charged. The court asked Zeal if he still wished "to go forward with the plea," and he responded, "Yes, I do." The court accepted Zeal's guilty plea.

A presentence investigation report was prepared on October 8, 2013, in advance of the sentencing hearing scheduled for October 14, 2013. Although it noted Zeal "appears eligible for a deferred judgment," the report declined to

recommend one "due to the serious nature of the offense, as well as [Zeal]'s lack of accountability for the offense."

On October 11, 2013, Zeal filed a "motion to withdraw guilty plea," alleging that his guilty plea was not voluntarily and intelligently entered and requesting his plea be withdrawn. He also sought "all other relief the Court deems proper and just." The State resisted, alleging the motion was actually a motion in arrest of judgment, and because it was not filed within forty-five days of his guilty plea, it was untimely. Due to a conflict of interest, Zeal's counsel withdrew, and new counsel was appointed.

At the hearing on the motion to withdraw his guilty plea, Zeal testified that he erroneously believed he could withdraw his guilty plea at any time before sentencing. He claimed he pled guilty because his attorney told him it was the only way he could have the conditions for release reduced and get out of jail. He further alleged his attorney told him that when asked if anyone had made any promise as to what would happen if he pleaded guilty, he needed to answer "no." Zeal testified his girlfriend had "told on multiple people" and cited his fear for her safety as another reason for having entered a guilty plea. He testified that yet another reason he wanted to withdraw his guilty plea was he had now learned that his plea of guilty might cause him to lose his plumbing license.

The State wished to call Zeal's former attorney to testify at the hearing. The court recessed the hearing. However at the continuation of the hearing, the attorney would not testify as to what he had told Zeal unless Zeal waived his attorney-client privilege on the record. Without the attorney's testimony, the court

was limited in its review of Zeal's claims regarding what he had been informed of by prior counsel and whether his plea of guilty was a voluntary and intelligent plea. Zeal declined to make an on-the-record waiver of attorney-client privilege, and the court again continued the hearing to research the privilege issue.

At the second continuation of the hearing, Zeal again declined to waive his privilege. The court informed him that if it ruled against his motion, Zeal would not be allowed to waive privilege and have the testimony considered at a later time, stating:

> I want the record to be very clear that when the evidentiary hearing closes on Defendant's motion, and I issue my ruling, if it is adverse to Defendant, I am not going to entertain a motion to reopen this record so as to allow Mr. Hiatt's testimony. I don't know what Mr. Hiatt will say if he testifies. What I am telling Defendant, and I want to be very clear, is that given my ruling, Defendant does not get the benefit of seeing how the Court rules and then getting another bite at calling Mr. Hiatt as a witness. Defendant either has Mr. Hiatt testify now or not at all in connection with this proceeding.

Zeal again declined to waive his privilege.

The district court denied Zeal's motion at the close of the second continuation of the hearing. As a motion in arrest of judgment, the court found the motion was untimely. It then denied the motion to withdraw guilty plea, finding Zeal was not credible because the testimony he gave at the hearing contradicted the statements he made when he pled guilty, showing "that he will say what he thinks he needs to say in order to get what he wants given the situation." It found Zeal's statement at the plea hearing that he was not promised anything in exchange for his plea was truthful. It found no merit in the other issues Zeal raised.

The court sentenced Zeal to an indeterminate term of incarceration, not to exceed ten years. It suspended the sentence and placed Zeal on five years of probation. Zeal was also fined $1000, and ordered to pay a surcharge and other court costs.

Zeal filed a timely notice of appeal, challenging the court's ruling on his motion to withdraw his guilty plea.

## II. SCOPE OF REVIEW.

We review motions in arrest of judgment and motions to withdraw a plea for abuse of discretion. *State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008). An abuse of discretion occurs when the trial court exercises its discretion on clearly untenable or unreasonable grounds. *Id.* A ruling is untenable when the law is erroneously applied. *Id.*

## III. MOTION TO WITHDRAW.

Iowa Rule of Criminal Procedure 2.8(2)(1) states that "[a]t any time before judgment, the court may permit a guilty plea to be withdrawn and substituted." We uphold the court's refusal to allow withdrawal "where a defendant, with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters such a plea understandably and without fear or persuasion." *State v. Speed*, 573 N.W.2d 594, 596 (Iowa 1998) (internal quotation marks omitted). In other words, if Zeal's plea was knowing and voluntary, we will affirm the denial of his motion to withdrawal.

"To ensure that a plea is knowingly and voluntarily made, trial courts must follow the colloquy set forth in Iowa Rule of Criminal Procedure 8(2)(b)." *Id.* at

597 (internal quotation marks omitted). This includes informing the defendant of the nature of the charge, the mandatory minimum punishment and maximum possible punishment, the effect a conviction or deferral of judgment or sentence may have on the defendant's immigration status, the constitutional rights afforded at trial, and the defendant's waiver of the right to a trial by pleading guilty. Iowa R. Crim. P. 2.8(2)(b). There is no claim the district court failed to comply with the requirements of the rule. However, the defendant is entitled to rely on statements made by the court regardless of whether they are required under rule 2.8(2)(b). *Stovall v. State*, 340 N.W.2d 265, 267 (Iowa 1983). If the court makes a misstatement that is part of the inducement for a defendant's decision to plead guilty that is not corrected and the defendant enters a guilty plea accordingly, the plea is not intelligently and voluntarily made. *Id.*

Zeal first argues the court misstated the time in which he could withdraw his guilty plea. Zeal claims he believed he could withdraw his guilty plea at any time before sentencing. He argues his confusion over his ability to withdraw his plea shows he did not fully understand the consequences of his plea.

The court made the following statement during the plea hearing:

> Lastly, if you change your mind for any reason while we're talking about your rights, you decide that you don't want to enter this plea agreement, you don't have to tell me why. Just tell me that you don't want to go forward with the plea agreement and we'll stop and I will reset the case for trial, okay?

The statement made by the court clearly limits the time in which he could change his mind to "while we're talking about your rights." No misstatement was made. Although Zeal claims he interpreted this statement to mean he could withdraw his

plea at any time, the district court found his testimony at the hearing on his motion to withdraw was not credible. Giving this finding the deference it is due, we conclude Zeal failed to show the court abused its discretion in denying his motion on his ground.

Zeal also argues he would not have pled guilty if he had known it would cause him to lose his license as a plumber. To ensure a defendant's due process rights are protected, the court must ensure the defendant understands the direct consequences of pleading guilty. *State v. Carney*, 584 N.W.2d 907, 908 (Iowa 1998). A direct consequence "represents a definite, immediate and largely automatic effect on the range of defendant's punishment." *Id.* The loss of his professional license is not a direct result of Zeal's guilty plea, nor is it punishment. Because it is not a direct consequence of his plea, the court had no duty to inform Zeal of the possibility he would lose his license as a plumber by pleading guilty. *See State v. Hallock*, 765 N.W.2d 598, 605 (Iowa 2009) ("The court does not have a duty, however, to inform a defendant of all indirect and collateral consequences of a guilty plea.").

## IV. MOTION IN ARREST OF JUDGMENT.

Zeal also contends the court abused its discretion in denying his motion in arrest of judgment. Because the court denied the motion after finding it was untimely, he contends, in the alternative, that his counsel was ineffective in failing to file a timely motion in arrest of judgment. *See State v. Bearse*, 748 N.W.2d 211, 218 (Iowa 2008) (noting failure to file a motion in arrest of judgment does not bar a challenge to a guilty plea if the failure resulted from ineffective

assistance of counsel). As no motion in arrest of judgment was timely filed,[1] we address Zeal's contention as a claim of ineffective assistance of counsel.

Zeal alleges the court abused its discretion in denying his motion in arrest of judgment because his guilty plea was not voluntary. He claims he entered his guilty plea only to get out of jail because he feared he would be harmed in jail and he feared for his girlfriend's safety. He further alleges his counsel told him how to answer questions during the plea colloquy, which prevented him from informing the court of his fears.

Zeal is unable to show any ground upon which the court would grant his motion in arrest of judgment. While Zeal claims he pled guilty under duress due to fear of harm coming to him or his girlfriend if he remained in jail, there is no evidence any alleged threat of harm was made by anyone acting on behalf of the State. A threat by a private individual does not constitute a violation of his due process rights. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-97 (1989) ("[A] State's failure to protect an individual against private violence simply does not constitute a violation of Due Process."). Furthermore, Zeal refused to waive his attorney-client privilege at the hearing on his motion to withdraw, and the district court found his uncorroborated testimony regarding what prior counsel had told him lacked credibility. Because no other evidence supports his claims, there is no basis upon which his motion in arrest of judgment could be granted. Defense counsel thus cannot have breached a duty

---

[1] *See* Iowa Rule of Criminal Procedure 2.24(3)(6) (stating such a motion must be filed within forty-five days after a plea of guilty, and not later than five days before the date set for pronouncing judgment).

and rendered ineffective assistance by not filing such a motion. *See State v. Carroll*, 767 N.W.2d 638, 644 (Iowa 2009) (stating that when "relief is requested as a consequence of alleged ineffective assistance of counsel, the party claiming his counsel provided ineffective assistance in advance of the entry of a guilty plea must prove counsel breached a duty and prejudice resulted"); *State v. Griffin*, 691 N.W.2d 734, 737 (Iowa 2005) (holding counsel has no duty to raise an issue that has no merit). Accordingly, we affirm.

**AFFIRMED.**

**MILLER, S.J.** (concurs specially)

I concur in the result and write separately only to state my belief that our appellate review of a district court ruling denying a motion in arrest of judgment should be for correction of errors at law, rather than for an abuse of discretion.

In 2008 our Iowa Supreme Court dealt with the question of whether a defendant who waived the right to file a motion in arrest of judgment at his initial sentencing could, before a later resentencing, file a motion in arrest of judgment. *See State v. Smith*, 753 N.W.2d 562, 563 (Iowa 2008). The court stated that "[w]e review a district court's grant or denial of a motion in arrest of judgment for an abuse of discretion." *Id.* at 564. In so stating, the court cited *State v. Myers*, 653 N.W.2d 574, 581 (Iowa 2002). *Id. Myers* did state that "[w]e review denial of a motion in arrest of judgment for abuse of discretion." *Meyers*, 653 N.W.2d at 581. For that proposition *Myers* cited *State v. Speed*, 573 N.W.2d 594, 598 (Iowa 1998). *Id.*

*Speed* did involve review of denial of a motion in arrest of judgment. *See Speed*, 573 N.W.2d at 595. However, the court stated that "[w]e review a trial court's decision to grant or deny a *request to withdraw a guilty plea* for abuse of discretion," and in doing so cited *State v. Blum*, 560 N.W.2d 7, 9 (Iowa 1997). *Id.* at 596 (emphasis added). *Blum* did in fact involve issues concerning a motion to withdraw a guilty plea, and not a motion in arrest of judgment. *See Blum*, 560 N.W.2d at 8-9 (noting "Blum moved to withdraw his guilty plea" before holding that "[i]t lies within the trial court's sound discretion whether to grant or deny a withdrawal of a guilty plea"). Further, other cases cited and discussed by the

court in *Speed* involve motions to withdraw a guilty plea, which is reviewed for an abuse of discretion, rather than motions in arrest of judgment. *See Speed*, 573 N.W.2d at 596 (citing *State v. Mattly*, 513 N.W.2d 739, 741 (Iowa 1994) and *State v. Ramirez*, 400 N.W.2d 586, 588 (Iowa 1987)).

It thus appears that recent cases stating that our review of grant or denial of a motion in arrest of judgment is for an abuse of discretion can be traced back to cases that involve motions to withdraw a guilty plea or, in *Speed*, a case that discussed and applied the standards for review of a motion to withdraw a guilty plea to a case involving a motion in arrest of judgment. The two motions are, however, very different motions. *See State v. Belieu*, 314 N.W.2d 382, 383 (Iowa 1982) (noting "a motion to withdraw a guilty plea and motion in arrest of judgment are different motions"); *see also* Iowa Rs. Crim. P. 2.8(2)(a) ("At any time before judgment, the court *may permit a guilty plea to be withdrawn* and a not guilty plea substituted." (emphasis added)), 2.24(3)(a) ("A motion in arrest of judgment is an application by the defendant that no judgment be rendered on a finding, plea, or verdict of guilty. Such motion *shall be granted* when upon the whole record no legal judgment can be pronounced." (emphasis added)).

"Generally, the word 'may,' when used in a statute, is permissive only and operates to confer discretion unless the contrary is clearly indicated by the context." *Burton v. Univ. of Iowa Hosps. & Clinics*, 566 N.W.2d 182, 187 (Iowa 1997) (quoting *Wolf v. Lutheran Mut. Life Ins. Co.*, 18 N.W.2d 804, 808 (Iowa 1945)); *see also State v. Machovec*, 17 N.W.2d 843, 846 (Iowa 1945) (stating, in interpreting the phrase "the court may permit the plea of guilty to be withdrawn,"

as it appeared in section 13803 of the 1939 Code of Iowa, that "a[s] a general rule, the word 'may' when used in a statute is permissive only and operates to confer discretion"). An abuse of discretion standard of review recognizes that a decision "is a judgment call on the part of the trial court." *State v. Rodriquez*, 636 N.W.2d 234, 240 (Iowa 2001).

Very differently, the word "shall" in a statute ordinarily indicates the imposition of a mandatory duty. *See State v. Bearse*, 748 N.W.2d 211, 218 (Iowa 2008) (citing Iowa Code section [4.1(30)(a)] for its requirement that unless otherwise specifically provided by the legislature, "shall" imposes a duty); *State v. Klawonn*, 609 N.W.2d 515, 521-22 (Iowa 2000) (noting that while "may" can mean "shall" where the context indicates such intent, "shall" does not mean "may," as made clear by the legislature in section 4.1(30)(a)); *State v. Luckett*, 387 N.W.2d 298, 301 (Iowa 1986) (citing, with approval, 1A Sutherland, *Statutes and Statutory Construction* § 25.04, at 445 (Sands 4th ed. 1985) for its statement that "[u]nless the context otherwise indicates the use of the word 'shall' indicates a mandatory intent").

"Iowa court rules have the force and effect of laws, and therefore 'we interpret rules in the same manner we interpret statutes.'" *State v. Mootz*, 808 N.W.2d 207, 221 (Iowa 2012) (quoting *City of Sioux City v. Freese*, 611 N.W.2d 777, 779 (Iowa 2000)). Accordingly, under authorities cited above, the phrase "may permit a guilty plea to be withdrawn" in rule 2.8(2)(a) must ordinarily be interpreted as permissive, operating to confer discretion. A trial court's decision

as to whether to grant a motion to withdraw a guilty plea is thus properly reviewable under an abuse of discretion standard.[2]

However, under other authorities cited above, the language of rule 2.24(3)(a) stating that "[a] motion in arrest of judgment . . . shall be granted" appears to impose a duty on the trial court to grant the motion when "upon the whole record no legal judgment can be pronounced." Otherwise stated, when the circumstance specified in the rule exists, granting the motion is mandatory, and the trial court has no judgment call to make, no discretion to do otherwise than grant the motion.

Where, as in the case of a motion in arrest of judgment, the trial court may have no discretion but to grant the motion, I believe that our review of a denial of such a motion should not be for abuse of discretion but instead should be for legal error. This view is supported by language from an earlier case, ordinarily used when reviewing for correction of error. *See State v. Hellickson*, 162 N.W.2d 390, 394 (Iowa 1968) (stating, in reviewing denial of a motion in arrest of judgment, that "our task on this appeal is to determine only whether there is substantial evidence supporting the findings and conclusion reached by the trial court"). It also appears supported, by analogy, by the scope of review in another situation involving potentially mandatory action by the trial court. *Cf. O'Brien v. Mullapudi*, 405 N.W.2d 815, 817 (Iowa 1987) (stating, in reviewing denial of possible mandatory reinstatement of a case dismissed for want of prosecution,

---

[2] An abuse of discretion is simply a standard of review that is a subcategory of our scope of review for correction of errors at law. *See State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006) (stating that "any abuse of discretion necessarily results in legal error").

that "[a] review of a mandatory reinstatement determination is . . . as in a law proceeding"); *Ray v. Merle Hay Mall, Inc.*, 621 N.W.2d 696, 699 (Iowa Ct. App. 2000) ("We review a denial of mandatory reinstatement for errors at law.").

In summary, if writing on a clean slate, I would hold that the scope of our review of a denial of a motion in arrest of judgment is for correction of errors at law. Our supreme court's relatively recent authority is, however, that review is for abuse of discretion. If that scope of review is to be modified, it is up to that court to say so. *See State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves.").